21 F.3d 49
 90 Ed. Law Rep. 1006
 S-1 AND S-2, By and Through their parents and Guardians Ad
Litem, P-1 AND P-2; P-1 and P-2, Individually,
Plaintiffs-Appellees,
v.
The STATE BOARD OF EDUCATION OF NORTH CAROLINA; Barbara
Tapscott, Chairman, State Board of Education of
North Carolina, Defendants-Appellants,
and
C.D. Heidgerd, Hearing Officer, Asheboro City Board of
Education; The Asheboro City Board of Education;
Mary Smitherman, Defendants.
 No. 92-1525.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 8, 1994.
Decided April 4, 1994.
 
 ARGUED: Edwin Marion Speas, Jr., Sr. Deputy Atty. Gen., North Carolina Dept. of Justice, Raleigh, NC, for appellants. A. Frank Johns, Jr., Booth, Harrington, Johns & Campbell, Greensboro, NC, for appellees. ON BRIEF: Lacy H. Thornburg, Atty. Gen. of NC, North Carolina Dept. of Justice, Raleigh, NC, for appellants.
 Before ERVIN, Chief Judge, and RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, WILKINSON, WILKINS, NIEMEYER, HAMILTON, LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges, sitting en banc.
 Reversed by published per curiam opinion. Judges RUSSELL, WIDENER, WILKINSON, WILKINS, NIEMEYER, LUTTIG, and WILLIAMS voted to reverse the district court. Chief Judge ERVIN and Judges K.K. HALL, PHILLIPS, MURNAGHAN, HAMILTON, and MICHAEL voted to affirm the district court.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiffs, parents of handicapped students enrolled in the Asheboro, North Carolina schools, filed this 42 U.S.C. Sec. 1983 action in 1986 against the Asheboro City Board of Education, the State Board of Education of North Carolina, and the chairman of the State Board, C.D. Spangler, Jr. Plaintiffs alleged that defendants had violated the Education of the Handicapped Act ("EHA"), 20 U.S.C. Sec. 1400 et seq., by refusing to authorize hearing officers to decide tuition reimbursement claims and to order reimbursement in appropriate cases. Plaintiffs therefore sought tuition reimbursement and injunctive and declaratory relief. In December 1986, the district court granted plaintiffs' motion for summary judgment on their claims for declaratory and injunctive relief against all the defendants, reasoning that the EHA required that state hearing officers possess the authority to decide tuition reimbursement claims. See S-1 v. Spangler, 650 F.Supp. 1427 (M.D.N.C.1986).
 
 
 2
 While the appeal of the district court's ruling was pending, plaintiffs and the City Board reached a settlement agreement under which the City Board would pay the parents' tuition expenses for their children and also pay plaintiffs' attorneys' fees. The State Board and Spangler were not parties to this settlement agreement; accordingly, the parents did not dismiss any of their claims against the state defendants. Nonetheless, on appeal, a panel of this court held for prudential reasons that the settlement mooted the appeal because it gave plaintiffs the reimbursement they sought. See S-1 v. Spangler, 832 F.2d 294, 296 (4th Cir.1987). This court therefore vacated the district court's summary judgment order and remanded for a determination of plaintiffs' entitlement, if any, to attorneys' fees from the state defendants. Id. at 298 and note 3.
 
 
 3
 After this court directed the district court to "dismiss the remainder of the action as moot," id. at 298, the Office of Special Education and Rehabilitative Services of the United States Department of Education ("OSERS") informed the State that federal education funds would be withdrawn if the State did not amend its law to authorize hearing officers to decide parents' reimbursement claims. Although the State had amended its special education law in 1988 to permit hearing officers to recommend tuition reimbursement decisions to the State Board, OSERS objected to the 1988 amendments on the ground that hearing officers still lacked the authority to make binding decisions regarding reimbursements. In July 1990, almost three years after plaintiffs' claims had been declared moot, the State responded to OSERS' threat by enacting legislation giving administrative law judges the authority to make binding decisions, subject to appeal, regarding a child's special education needs. See 1990 N.C.Sess.Laws ch. 1058 (July 28, 1990).
 
 
 4
 Shortly after North Carolina's amendment of its hearing procedure, the district court considered the propriety of awarding attorneys' fees to plaintiffs. On March 30, 1992, the district court assessed $30,143.18 in attorneys' fees against the state defendants under 20 U.S.C. Sec. 1415(e) and 42 U.S.C. Sec. 1988. On appeal, a panel of this court affirmed the district court's award of attorneys' fees. See S-1 & S-2 v. State Bd. of Educ., 6 F.3d 160 (4th Cir.1993). Judge Wilkinson dissented. See S-1, 6 F.3d at 168-72.
 
 
 5
 On October 21, 1993, the court granted the state defendants' petition for rehearing en banc. Upon a review of the record and the briefs, and following oral argument, a majority of the court voted to reverse the district court's award of attorneys' fees. The court holds the following:
 
 
 6
 1. A person may not be a "prevailing party" plaintiff under 42 U.S.C. Sec. 1988 except by virtue of having obtained an enforceable judgment, consent decree, or settlement giving some of the legal relief sought in a Sec. 1983 action. Farrar v. Hobby, --- U.S. ----, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).
 
 
 7
 2. The fact that a lawsuit may operate as a catalyst for post-litigation changes in a defendant's conduct cannot suffice to establish plaintiff as a prevailing party. "Catalyst theory," allowing that result, is no longer available for that purpose, see Farrar, --- U.S. at ----, 113 S.Ct. at 573-74, and cases such as Bonnes v. Long, 599 F.2d 1316 (4th Cir.1979), which applied that theory, are overruled.
 
 
 8
 3. Here, the dismissal on appeal of an action under 42 U.S.C. Sec. 1983 for prudential reasons as moot operates to vacate the judgment below, see United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), and prevents the plaintiffs from being found prevailing parties by virtue of post-dismissal events. The plaintiffs therefore are not entitled to an award of attorney fees under 42 U.S.C. Sec. 1988.
 
 
 9
 The court adopts as its own the dissenting panel opinion of Judge WILKINSON. S-1, 6 F.3d at 168-72. Judges RUSSELL, WIDENER, WILKINSON, WILKINS, NIEMEYER, LUTTIG, and WILLIAMS agree to the foregoing parts of this opinion and its holding to reverse the district court.
 
 
 10
 Chief Judge ERVIN and Judges HALL, PHILLIPS, MURNAGHAN, HAMILTON, and MICHAEL respectfully dissent. They would hold that the district court properly awarded attorneys' fees in this case for the reasons expressed in the majority opinion of the panel. They therefore adopt Judge PHILLIPS' majority opinion of the panel as their own and would adopt it as the opinion of the en banc court. S-1, 6 F.3d at 160-68.
 
 
 11
 The judgment of the district court is accordingly
 
 
 12
 REVERSED.