**SOUTHEASTERN FISHERIES ASSOCIATION, INC., etc., et al., Plaintiffs,**

v.

**Lawton CHILES, et al., Defendants.**

**No. 90–10071–CIV.**

United States District Court, S.D. Florida.

Feb. 2, 1995.

David Paul Horan, Key West, FL, for plaintiffs.

Jonathan Glogau, Asst. Atty. Gen., Tallahassee, FL, for defendants.

### ORDER AFFIRMING MAGISTRATE'S REPORTS AND AWARDING ATTORNEY'S FEES

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court on the Magistrate's December 16, 1994 Report and Recommendation regarding entitlement to attorney's fees and the Magistrate's January 16, 1995 Report and Recommendation regarding the proper amount of fees to be awarded. Defendants filed an Objection to the Magistrate's December Report and Recommendation on December 27, 1994. Plaintiffs filed a response on December 29, 1994. Plaintiffs filed an Objection to the Magistrate's January Report on January 26, 1995.

### I. Factual Summary

Plaintiffs commenced the instant action in 1990 challenging the constitutionality of Chapter 46–23 of the Fla.Admin.Code, which governed the harvesting of Spanish Mackerel outside of Florida's territorial waters. Plaintiffs sought declaratory and injunctive relief against the State of Florida. On August 2, 1991, this Court permanently enjoined the State of Florida from enforcing Chapter 46–23 and held that the statute violated the Equal Protection, Commerce and Supremacy Clauses of the United States Constitution. The Eleventh Circuit vacated the District Court's Order on the ground that it lacked sufficient factual findings. "The district court's conclusions may prove to be correct. We simply cannot find sufficient support in the record to satisfy our obligation upon review." *Southeastern Fisheries Ass'n, Inc. v. Chiles,* 979 F.2d 1504, 1510 (11th Cir.1992). While the case was pending on remand, the Federal government promulgated new Spanish Mackerel landing regulations. Subse-

quently, Florida amended Chapter 46–23 to mirror the new federal regulation, but limited the scope of the state regulation so that it only applied to state waters. On May 3, 1994, the Court dismissed the instant case as moot due to the new regulations and retained jurisdiction to consider the award of attorney's fees.

### II. Magistrate's December 16, 1994 Report

Defendants object[1] to the Magistrate's determination that Plaintiffs are the prevailing party for purposes of attorney's fees in this civil rights litigation. Defendants claim that Plaintiffs are not the prevailing party under the catalyst test and further argue that the catalyst test is "dead" in light of *Farrar v. Hobby,* —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), and the Fourth Circuit's en banc opinion in *S–1 and S–2 v. State Board of Education,* 21 F.3d 49 (4th Cir. 1994) (per curiam).

■ The sound legal analysis of the First, Third, Fifth, Eighth and Tenth Circuits, holding that the catalyst theory is the proper standard to apply in determining the issue here presented, controls. Plaintiffs are entitled to their fees and costs in this litigation.

The First, Third, Fifth, Eighth and Tenth Circuits all hold that the catalyst test survives *Farrar.* *See Paris v. United States Dep't of Hous. and Urban Dev.,* 988 F.2d 236 (1st Cir.1993) (finding that catalyst theory survives *Farrar* ); *Baumgartner v. Harrisburg Hous. Auth.,* 21 F.3d 541 (3d Cir.1994) (same); *Craig v. Gregg County,* 988 F.2d 18 (5th Cir.1993) (same); *Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. # 1,* 17 F.3d 260 (8th Cir.1994) (same); *American Council of the Blind, Inc. v. Romer,* 992 F.2d 249 (10th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 184, 126 L.Ed.2d 143 (1993) (same). Only the Fourth Circuit has held otherwise. *See S–1 and S–2 v. State Bd. of Educ.,* 21 F.3d 49 (4th Cir.1994) (7–6 en banc decision)

---

1. Defendants also argue that the Magistrate's Report is based on a mistake of fact. The Court agrees that the Report contains a mistake of fact, but finds this misstatement to be immaterial to the Magistrate's determination.

The Magistrate's Report errs in stating that Plaintiff Glen Black filed suit *after* he was arrest-

ed for violating the state regulation at issue in this case. Plaintiffs initiated the instant suit on September 13, 1990. Yet, Plaintiff Black did not knowingly violate the administrative regulation and suffer arrest until December 18, 1990.

(finding that catalyst theory does not survive *Farrar*). The Eleventh Circuit has not addressed the issue. *See Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1495 (11th Cir.1994) (questioning whether the catalyst theory survives *Farrar*, but declining to resolve dispute).

█ "The 'catalyst' test is utilized primarily in the absence of formal judicial relief to determine if plaintiffs were successful" in their claim and therefore are entitled to attorney's fees. *Taylor v. City of Fort Lauderdale*, 810 F.2d 1551, 1560 (11th Cir.1987) (citing *Martin v. Heckler*, 773 F.2d 1145 (11th Cir.1985) (en banc)). The legal analysis focuses on whether the " 'lawsuit is a substantial factor or a significant catalyst in motivating the defendants to end their unconstitutional behavior.' " *Doe v. Busbee*, 684 F.2d 1375, 1380 (11th Cir.1982) (quoting *Robinson v. Kimbrough*, 652 F.2d 458, 466 (5th Cir.1981)). Defendants argue that Plaintiffs were not the catalyst in bringing about the changed Federal regulations and State statutes and therefore are not entitled to fees. For the reasons stated in the Magistrate's Report, the Court finds this argument to be without merit.

Similarly, Defendants' assertion that the catalyst theory is "dead" following *Farrar v. Hobby* lacks merit. In *Farrar*, the Supreme Court held that "to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The Plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought." *Id.*, 113 S.Ct. at 573 (citations omitted). "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff". *Id.* The *Farrar* opinion does not discuss the catalyst theory, because in *Farrar*, the plaintiffs had obtained a final judgment and therefore did not need to rely on the catalyst theory to establish prevailing party status. The only issue before the Court was whether a party who received nominal damages could be considered a pre-

vailing party under 42 U.S.C. § 1988. *Id.*, 113 S.Ct. at 570. Moreover, given the catalyst theory's prominence in civil rights attorney's fees jurisprudence, it is unlikely that the Supreme Court would reject the theory in a case that did not squarely address the issue.

### III. Magistrate's January 16, 1995 Report Setting Fees and Costs

█ Plaintiffs object to the Magistrate's January 16, 1995 Report on two grounds.[2] First, Plaintiffs argue that the Magistrate erred in reducing the number of compensable hours by ten percent. Second, Plaintiffs argue that they should be compensated for 9.2 hours spent in defending Captain Black in a state criminal proceeding. The Court finds these arguments to be without merit. The Court concurs with the Magistrate's finding that Plaintiffs' counsel did not exercise "billing judgment" by failing to exclude excessive hours. Therefore, a ten percent reduction in lead counsel's billable hours is appropriate. The Court also agrees with the Magistrate's determination that "Plaintiffs' counsels' activity in state court [regarding the state criminal proceeding] was not essential or helpful to its federal litigation." (Magis. Jan. 16, 1995 Report and Recommendation at 7).

### IV. Conclusion

Accordingly, after a careful review of the record, and the Court otherwise being fully advised, it is

ORDERED and ADJUDGED that the Magistrate's Reports be, and the same are hereby, AFFIRMED, ADOPTED and RATIFIED. For the reasons set forth in the Magistrate's Reports, it is

ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment Denying Plaintiffs Attorney's Fees be, and the same is hereby, DENIED. It is

FURTHER ORDERED AND ADJUDGED that Defendants shall pay Plain-

---

**2.** The Court notes that Defendants filed no objections to the Magistrate's January 16, 1995 Report

and Recommendation, which fixed fees and costs in the amount of $199,567.20.

tiffs' attorney's fees and costs in the amount of $199,567.20.

DONE and ORDERED.