NIEMEYER, Circuit Judge,
concurring:
To be a prevailing party in a legal action, a party must obtain relief in the action on the merits of his claim, see Farrar v. Hobby, 506 U.S. 103, 111, 113 S.Ct. 566, 572-73, 121 L.Ed.2d 494 (1992), and not from some other process. The fee shifting statutes, such as 42 U.S.C. §§ 19731(e) and 1988, reward successful litigants, not success in the political process even if the political success was a response to the litigation. Accordingly, in S-1 and S-2 v. State Bd. of Educ., 21 F.3d 49, 51 (4th Cir.) (en banc) (adopting Judge Wilkinson’s dissent at 6 F.3d 160 (4th Cir.1993)), cert. denied, — U.S. -, 115 S.Ct. 205, 130 L.Ed.2d 135 (1994), we rejected a broad catalyst theory for awarding attorneys fees to litigants simply because their position in litigation was vindicated by an external process or sequence of events outside of the litigation.
While I agree that S-1 and S-2 requires us to affirm in this case, I believe the question of who prevailed, even when measuring the results obtained through the political process, is so unclear that whether we apply S-1 and S-2 or evaluate who won in the political arena, I could not conclude that the district court abused its discretion in denying the appellants’ attorneys fees.