DIANA GRIBBON MOTZ, Circuit Judge,
concurring:
The parties have not established that they meet the “prevailing party” requirements of S-1 and S-2. No panel can refuse to follow a circuit precedent established by another panel, let alone one established by the entire court sitting en banc. Accordingly, I concur in the court’s opinion and judgment.
I write separately only to indicate that I believe that the Supreme Court’s holding in Farrar would not necessarily require the same outcome. I note that, when we issued S-1 and S-2, our conclusion that Farrar dicta eviscerated the catalyst analysis was contrary to the view of every other circuit to address the question. In the three years since the issuance of S-1 and S-2 no circuit has followed our holding. Several have specifically disagreed with it. See, e.g., Brown v. Local 58, IBEW, 76 F.3d 762, 772 (6th Cir.1996); Beard v. Teska, 31 F.3d 942, 951 (10th Cir.1994); Kilgour v. City of Pasadena, 53 F.3d 1007 (9th Cir.1995); Zinn By Blankenship v. Shalala, 35 F.3d 273, 275 (7th Cir.1994). See also Southeastern Fisheries Ass’n v. Chiles, 876 F.Supp. 270, 271 (S.D.Fla.1995).
Ironically, the “catalyst” analysis was devised to address cases like the one at hand. SRAC and the Republican Party advance the classic “but for” scenario: had it not been for the filing of their complaints in the district court, the court would not have intervened in the reapportionment process. Without such intervention, the South Carolina General Assembly would not have adopted a scheme that drew heavily from that judicially-crafted plan. Yet even if SRAC and the Republican Party did cause those results, S-l and S-2 forecloses this argument and requires that, without further ado, we conclude that they were not prevailing parties because they did not win an enforceable judgment against the defendants.