**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES FRANKLIN, Dr., Superintendent;
JERRY DICKS, Boardmember; NORMAN
GABLE, Boardmember; JULIA
MCFADDEN, Boardmember; JAMES E.
SHAW, Boardmember; ALVIN O. WHITE,
Boardmember; ROBIN COOPER, by and
through her parent and next friend
Patty Cooper; VERTANZA O.
CUNNINGHAM, by and through her
parent and next friend Valtricia L.
Cunningham; PEMBV GRAHAM, by and
through her parent and next friend
Martha Graham; SHIRRISHA WHITE, by
and through her parent and next friend
Alvin White,
<u>Plaintiffs-Appellants,</u>

                                        No. 95-1301

v.

JEFFREY LAWRIMORE, Mayor of
Hemingway, South Carolina; GEORGE
SUTTON; WESLEY KENNEDY; JAMES GUY;
SARAH GALLAWAY; M. B. LEE, JR.;
TERRY WELCH, Council Members
respectively of Hemingway, South
Carolina; MAYOR AND TOWN COUNCIL
OF HEMINGWAY; ELECTION COMMISSION
OF HEMINGWAY; MANNING PATTERSON;
BETTY PATTERSON, Election
Commissioners of Hemingway,
<u>Defendants-Appellees,</u>

and

EDWIN HUGGINS; WILLARD LAWRIMORE,
as members of the Hemingway
Annexation Steering Committee;
HEMINGWAY ANNEXATION STEERING
COMMITTEE; DAVID L. BEASLEY,
Governor of South Carolina; J.
WESLEY KENNEDY, as member of the
Hemingway Annexation Steering
Committee,
Defendants.

JAMES FRANKLIN, Dr., Superintendent;
JERRY DICKS, Boardmember; NORMAN
GABLE, Boardmember; JULIA
MCFADDEN, Boardmember; JAMES E.
SHAW, Boardmember; ALVIN O. WHITE,
Boardmember; ROBIN COOPER, by and
through her parent and next friend
Patty Cooper; VERTANZA O.
CUNNINGHAM, by and through her

parent and next friend Valtricia L.
Cunningham; PEMBV GRAHAM, by and
through her parent and next friend
Martha Graham; SHIRRISHA WHITE, by
and through her parent and next friend
Alvin White,
Plaintiffs-Appellants,

v.

No. 95-1821

JEFFREY LAWRIMORE, Mayor of
Hemingway, South Carolina; GEORGE
SUTTON; WESLEY KENNEDY; JAMES GUY;
SARAH GALLAWAY; M. B. LEE, JR.;
TERRY WELCH, Council Members
respectively of Hemingway, South
Carolina; MAYOR AND TOWN COUNCIL
OF HEMINGWAY; ELECTION COMMISSION
OF HEMINGWAY; MANNING PATTERSON;
BETTY PATTERSON, Election
Commissioners of Hemingway,
Defendants-Appellees,

and

EDWIN HUGGINS; WILLARD LAWRIMORE,
as members of the Hemingway
Annexation Steering Committee;
HEMINGWAY ANNEXATION STEERING
COMMITTEE; DAVID L. BEASLEY; J.
WESLEY KENNEDY, as member of the
Hemingway Annexation Steering
Committee,
Defendants.

3

JAMES FRANKLIN, Dr., Superintendent;
JERRY DICKS, Boardmember; NORMAN
GABLE, Boardmember; JULIA
MCFADDEN, Boardmember; JAMES E.
SHAW, Boardmember; ALVIN O. WHITE,
Boardmember; ROBIN COOPER, by and
through her parent and next friend
Patty Cooper; VERTANZA O.
CUNNINGHAM, by and through her
parent and next friend Valtricia L.
Cunningham; PEMBV GRAHAM, by and
through her parent and next friend
Martha Graham; SHIRRISHA WHITE, by
and through her parent and next friend
Alvin White,
Plaintiffs-Appellants,

No. 96-1178

v.

JEFFREY LAWRIMORE, Mayor of
Hemingway, South Carolina; GEORGE
SUTTON; WESLEY KENNEDY; JAMES GUY;
SARAH GALLAWAY; M. B. LEE, JR.;
TERRY WELCH, Council Members
respectively of Hemingway, South
Carolina; MAYOR AND TOWN COUNCIL
OF HEMINGWAY; ELECTION COMMISSION
OF HEMINGWAY; MANNING PATTERSON;
BETTY PATTERSON, Election
Commissioners of Hemingway,
Defendants-Appellees,

and

EDWIN HUGGINS; WILLARD LAWRIMORE,
as members of the Hemingway
Annexation Steering Committee;
HEMINGWAY ANNEXATION STEERING
COMMITTEE; DAVID L. BEASLEY,
Governor of South Carolina; J.
WESLEY KENNEDY, as member of the
Hemingway Annexation Steering
Committee,
<u>Defendants.</u>

Appeals from the United States District Court
for the District of South Carolina, at Florence.
William B. Traxler, Jr., District Judge.
(CA-93-2760-4-21)

Argued: July 14, 1997

Decided: September 8, 1997

Before MURNAGHAN, Circuit Judge, PHILLIPS,
Senior Circuit Judge, and BRITT,
United States District Judge for the
Eastern District of North Carolina, sitting by designation.

_____

Affirmed by unpublished opinion. Judge Britt wrote the opinion, in
which Judge Murnaghan and Senior Judge Phillips joined.

_____

**COUNSEL**

**ARGUED:** Brenda Reddix-Smalls, REDDIX-SMALLS & CARTER,
Columbia, South Carolina, for Appellants. Lawrence Bradley Orr,
BRIDGES, ORR, DERRICK & ERVIN, Florence, South Carolina,

for Appellees. **ON BRIEF:** Eleazer R. Carter, REDDIX-SMALLS & CARTER, Columbia, South Carolina, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

BRITT, District Judge:

Plaintiffs-Appellants James Franklin et al. appeal from an order denying them attorney's fees following the dismissal of their Voting Rights Act's claims on the grounds of mootness. Plaintiffs had sought declaratory and injunctive relief under the Voting Rights Act of 1965, 42 U.S.C. §§ 1973 et seq., for certain actions undertaken by Defendants-Appellees Jeffrey Lawrimore et al. in annexing several parcels of land and in attempting to secede from their current county. A companion case advancing identical claims resulted in a consent order enjoining the defendants from certain actions. Thereafter, the district court dismissed the claims in this case as moot and subsequently refused to award attorney's fees. We affirm.

I.

Plaintiffs-Appellants James Franklin et al. (hereinafter Franklin) are various residents of Williamsburg County, South Carolina, of African-American descent. Defendants-Appellees Jeffrey Lawrimore et al. are the mayor, town council members, and election commission members of the Town of Hemingway, South Carolina (Town), as well as the Election Commission itself (hereinafter collectively referred to as Lawrimore). The Town is located in Williamsburg County.

Between 1986 and 1991, the Town annexed seven parcels of land. In 1992, the Town sought to secede from Williamsburg County, which is predominantly black, and to annex into adjoining Florence County, which is predominantly white. The Town itself is more than

6

96% white. Following a petition drive and a study commission, the Governor of South Carolina decided that the secession effort should be submitted to a referendum, and he submitted certain materials to the United States Department of Justice (DOJ) for preclearance in accordance with 42 U.S.C. § 1973c. Ultimately, the DOJ refused to clear five of the Town's previous annexations and the proposed county boundary change. The Governor subsequently decided not to proceed with the referendum.

During the course of those events, Franklin filed the instant lawsuit on October 19, 1993. Franklin alleged that Lawrimore had violated sections 2 and 5 of the Voting Rights Act of 1965, 42 U.S.C. §§ 1973, 1973c, by illegally annexing at least five areas into the Town's limits without obtaining the requisite preclearance from the DOJ, by attempting to secede from Williamsburg County without affording the black citizenry the opportunity to participate in the voting process, by refusing to annex predominantly black areas into the Town's limits, and by failing to obtain the requisite preclearance on the secession effort. A three-judge panel was appointed pursuant to 42 U.S.C. § 1973c and 28 U.S.C. § 2284.

A companion case, South Carolina Conference of Branches of the NAACP v. Mayor and Council of Hemingway, S.C., No. 4:93-2733-21, (D.S.C. filed Oct. 18, 1993) (NAACP), was filed the previous day. That case involved the exact same section 5 violations as the instant case. The plaintiffs in both cases were represented by the same counsel. A three-judge panel, comprised of the same three judges assigned to the instant case, was appointed. In NAACP, the parties entered into a consent order on February 24, 1994, that recognized that the Town had failed to obtain preclearance for five annexation areas and that enjoined the Town from allowing persons in those annexed areas to vote in town elections unless the annexations are precleared.

On September 29, 1994, the district court dismissed all the section 5 claims in the instant case as moot. That dismissal order was never appealed. Subsequently, on January 10, 1995, the district court denied all parties' requests for attorneys' fees. Franklin appealed the denial of fees directly to the United States Supreme Court which vacated the appeal and remanded to the district court for entry of a fresh judgment from which timely appeal to this court could be taken. See Franklin

7

v. Lawrimore, 116 S. Ct. 42 (1995) (mem.). That judgment was entered on January 4, 1996, and this appeal followed.

II.

Although we have yet to rule squarely on the standard of review for the denial of attorney's fees under 42 U.S.C.§ 1973l(e), as a general rule we review a district court's decision respecting attorney's fees for abuse of discretion. See Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 174 (4th Cir. 1994). However, under 42 U.S.C. § 1988, which contains identical statutory language, courts engage in a de novo review of whether a party is the "prevailing party" where the question is whether a defendant's actions are legally required in response to a lawsuit. See, e.g., Supre v. Ricketts, 792 F.2d 958, 962 (10th Cir. 1986). Because we generally review legal issues de novo, we have previously noted that where an issue concerning attorney's fees turns on a legal precept, review is plenary. See Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503, 506 (4th Cir. 1994) (copyright case). Consequently, we will review the district court's determination that Franklin was not the "prevailing party" de novo.

III.

The question for review, as noted, is whether Franklin is a "prevailing party" within the meaning of 42 U.S.C. § 1973l(e), for only a prevailing party is eligible for attorney's fees. The disposition of this issue is controlled by two recent decisions, Statewide Reapportionment Advisory Comm. v. Beasley, 99 F.3d 134 (4th Cir. 1996) (per curiam) [SRAC], cert. denied, 117 S. Ct. 1427 (1997), and S-1 and S-2 By and Through P-1 and P-2 v. State Bd. of Educ. , 21 F.3d 49 (4th Cir.) (en banc), cert. denied, 513 U.S. 876 (1994).

In SRAC, the South Carolina Republican Party and an unincorporated association denominating itself the Statewide Reapportionment Advisory Committee filed separate suits challenging redistricting plans under the Voting Rights Act of 1965, 42 U.S.C.§ 1973 et seq., which were consolidated. The three-judge panel that was constituted determined that legislative action had reached an impasse, and subsequently it adopted its own redistricting plan. The plaintiffs appealed to the Supreme Court, which vacated the panel's judgment. The dis-

8

trict court thereafter permitted the state General Assembly to adopt its own redistricting plans and to preclear them with the DOJ. Two months after the General Assembly had, in fact, done these things, the district court dismissed the case. The plaintiffs moved for attorney's fees pursuant to 42 U.S.C. §§ 1973l(e) and 1988, and the motion was denied. SRAC, 99 F.3d at 135-136.

On appeal, we implicitly treated the attorney's fees provisions of sections 1973l(e) and 1988 as equivalent and applied the "prevailing party" analysis of Farrar v. Hobby, 506 U.S. 103 (1992), as interpreted by the en banc court in S-1 and S-2. We determined that, because the district court's original decision was vacated by the Supreme Court, the plaintiffs were not entitled to enforce any judgment against the defendants, and that the district court's later holding regarding preclearance by the DOJ had not materially altered the relationship between the parties. SRAC, 99 F.3d at 136-37. Consequently, the plaintiffs could not establish that they had satisfied the requirements to be a prevailing party under S-1 and S-2 , which had rejected the catalyst theory of causation and instead requires an enforceable judgment, consent decree, or settlement. Id.; see also S-1 and S-2, 21 F.3d at 51.

The Supreme Court's standard for prevailing party status is clear:

> [T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement. Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. Otherwise the judgment or settlement cannot be said to affect the behavior of the defendant toward the plaintiff. Only under these circumstances can civil rights litigation effect the material alteration of the legal relationship of the parties and thereby transform the plaintiff into a prevailing party. In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

9

Farrar, 506 U.S. at 111-12 (internal quotation marks and citations omitted). Application of the Farrar standard, as interpreted by us in SRAC and S-1 and S-2, mandates an affirmance of the denial of fees in this case. When the district court dismissed the claims as moot, it necessarily mooted the possibility of the award of attorney's fees as well since a dismissal on mootness grounds obviously does not create an enforceable judgment, consent decree, or settlement. Whether that dismissal was, in fact, proper, is not before us.*

Franklin cannot bootstrap his claim for fees onto the consent order in the NAACP case. That consent order does not and cannot materially alter the legal relationship between these parties in the instant case.

Although Franklin would have us allow a catalyst analysis in voting rights cases, certainly SRAC, if not S-1 and S-2 itself, forbids that course. As Judge Niemeyer noted in SRAC, §§ 1973l(e) and 1988 "reward successful litigants, not success in the political process even if the political success was a response to the litigation." SRAC, 99 F.3d at 137 (Niemeyer, J., concurring) (emphasis in original). And as Judge Motz recognized, S-1 and S-2 forecloses the catalyst analysis, even in voting rights cases, even though Farrar would not necessarily require this outcome. SRAC, 99 F.3d at 137 (Motz, J., concurring).

IV.

Our circuit precedent requires that a prevailing party be one who has obtained an enforceable judgment, consent decree, or settlement. Franklin's case was dismissed as moot. Franklin did not obtain a result that materially altered the legal relationship between the parties.

_____

*At oral argument, Franklin's counsel conceded that the dismissal order was not appealed. Counsel asserted that she believed the parties had come to an understanding that Franklin was the "prevailing party" for purposes of attorney's fees and that that understanding was the basis for Franklin accepting the dismissal on mootness grounds. The terms of the dismissal order, however, contain no such "understanding" as to prevailing party status. Instead, that order specifically requires any party seeking attorney's fees to do so in accordance with S-1 and S-2. See Franklin v. Campbell, No. CA 4:93-2760-21, slip op. at 1-2 (D.S.C. Sept. 29, 1994) (three-judge panel).

10

Franklin cannot be considered a prevailing party under our precedent and therefore is not entitled to attorney's fees. For these reasons, we affirm the judgment below.

AFFIRMED