Reversed and remanded by Supreme Court
on January 12, 2000.

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRIENDS OF THE EARTH,
INCORPORATED; CITIZENS LOCAL
ENVIRONMENTAL ACTION NETWORK,
INCORPORATED; SIERRA CLUB,
Plaintiffs-Appellants,

v.

LAIDLAW ENVIRONMENTAL SERVICES
(TOC), INCORPORATED,
Defendant-Appellee.

SOUTH CAROLINA CHAMBER OF
COMMERCE; ENVIRONMENTAL
MANAGEMENT ASSOCIATION OF SOUTH
CAROLINA; SOUTH CAROLINA
MANUFACTURERS ALLIANCE;
CALIFORNIA PUBLIC INTEREST

RESEARCH GROUP; FLORIDA PUBLIC
INTEREST RESEARCH GROUP; ILLINOIS
PUBLIC INTEREST RESEARCH GROUP;
MASSACHUSETTS PUBLIC INTEREST
RESEARCH GROUP; PUBLIC INTEREST
RESEARCH GROUP IN MICHIGAN;
PUBLIC INTEREST RESEARCH GROUP OF
NEW JERSEY; OHIO PUBLIC INTEREST
RESEARCH GROUP; OREGON STATE
PUBLIC INTEREST RESEARCH GROUP;
WASHINGTON PUBLIC INTEREST
RESEARCH GROUP; UNITED STATES OF
AMERICA; SOUTH CAROLINA
DEPARTMENT OF HEALTH AND
ENVIRONMENTAL CONTROL,
Amici Curiae.

No. 97-1246

FRIENDS OF THE EARTH,
INCORPORATED; CITIZENS LOCAL
ENVIRONMENTAL ACTION NETWORK,
INCORPORATED; SIERRA CLUB,
Plaintiffs-Appellees,

v.

LAIDLAW ENVIRONMENTAL SERVICES
(TOC), INCORPORATED,
Defendant-Appellant.

SOUTH CAROLINA CHAMBER OF
COMMERCE; ENVIRONMENTAL
MANAGEMENT ASSOCIATION OF SOUTH
CAROLINA; SOUTH CAROLINA
MANUFACTURERS ALLIANCE;
CALIFORNIA PUBLIC INTEREST

RESEARCH GROUP; FLORIDA PUBLIC
INTEREST RESEARCH GROUP; ILLINOIS
PUBLIC INTEREST RESEARCH GROUP;
MASSACHUSETTS PUBLIC INTEREST
RESEARCH GROUP; PUBLIC INTEREST
RESEARCH GROUP IN MICHIGAN;
PUBLIC INTEREST RESEARCH GROUP OF
NEW JERSEY; OHIO PUBLIC INTEREST
RESEARCH GROUP; OREGON STATE
PUBLIC INTEREST RESEARCH GROUP;
WASHINGTON PUBLIC INTEREST
RESEARCH GROUP; UNITED STATES OF
AMERICA; SOUTH CAROLINA
DEPARTMENT OF HEALTH AND
ENVIRONMENTAL CONTROL,
Amici Curiae.

No. 97-1261

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CA-92-1697-3-17)

2

Argued: March 5, 1998

Decided: July 16, 1998

Before WILKINS and HAMILTON, Circuit Judges, and
BROADWATER, United States District Judge for the
Northern District of West Virginia, sitting by designation.

_____

Vacated and remanded by published opinion. Judge Wilkins wrote the
opinion, in which Judge Hamilton and Judge Broadwater joined.

_____

**COUNSEL**

**ARGUED:** Bruce J. Terris, TERRIS, PRAVLIK & WAGNER,
Washington, D.C., for Appellants. Donald Alan Cockrill,
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.,
Greenville, South Carolina, for Appellee. **ON BRIEF:** Carolyn Smith
Pravlik, TERRIS, PRAVLIK & WAGNER, Washington, D.C.; James
S. Chandler, Jr., SOUTH CAROLINA ENVIRONMENTAL LAW
PROJECT, Pawleys Island, South Carolina, for Appellants. Kristofer
K. Strasser, Jack D. Todd, OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C., Greenville, South Carolina, for Appellee. Debo-
rah Ann Hottel, MCNAIR LAW FIRM, P.A., Columbia, South Caro-
lina; Thomas S. Mullikin, MULLIKIN LAW FIRM, Camden, South
Carolina, for Amici Curiae Chamber of Commerce, et al. Charles C.
Caldart, David A. Nicholas, NATIONAL ENVIRONMENTAL LAW
CENTER, Boston, Massachusetts, for Amici Curiae California Public
Interest, et al. Lois J. Schiffer, Assistant Attorney General, James F.
Simon, Deputy Assistant Attorney General, Martin W. Matzen,
Thomas A. Mariani, Jr., Julie B. Kaplan, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C.; Susan Lepow,
Associate General Counsel, Richard Witt, Office of General Counsel,
David Drelich, Senior Attorney, Office of Enforcement and Compli-
ance Assurance, UNITED STATES ENVIRONMENTAL PROTEC-
TION AGENCY, Washington, D.C., for Amicus Curiae United
States. Carlisle Roberts, Jr., Samuel L. Finklea, III, William A.

Ready, III, SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, Columbia, South Carolina, for Amicus Curiae Department of Health.

_____

**OPINION**

WILKINS, Circuit Judge:

Plaintiffs Friends of the Earth, Inc. (FOE), Citizens Local Environmental Action Network, Inc. (CLEAN), and Sierra Club appeal an order of the district court penalizing Laidlaw Environmental Services (TOC), Inc. (Laidlaw) for violations of a National Pollutant Discharge Elimination System (NPDES) permit, arguing that the district court abused its discretion by imposing what Plaintiffs assert was an inadequate penalty. Laidlaw cross appeals, claiming, inter alia, that Plaintiffs lacked standing to institute this action because they suffered no injury in fact and that this suit should have been barred because the South Carolina Department of Health and Environmental Control (DHEC) diligently prosecuted a prior action regarding the same violations, see 33 U.S.C.A. § 1365(b)(1)(B) (West 1986). We conclude that this action is now moot; accordingly, we vacate the order of the district court and remand with instructions to dismiss.

I.

Plaintiffs brought this enforcement action against Laidlaw[1] pursuant to the citizen-suit provision of the Federal Water Pollution Control Act, see 33 U.S.C.A. § 1365(a)(1) (West 1986 & Supp. 1998), alleging ongoing violations by Laidlaw of an NPDES permit and seeking imposition of monetary penalties as well as declaratory and injunctive relief and attorneys' fees and costs. After a seven-day hearing, the district court ruled that the prior suit by DHEC that Laidlaw alleged barred the current action had not been "diligently prosecuted" within the meaning of § 1365(b)(1)(B)[2] and therefore would not serve to bar

_____

[1] FOE and CLEAN initiated the suit, and Sierra Club subsequently joined as an additional plaintiff. See Fed. R. Civ. P. 21.
[2] Section 1365(b)(1)(B) provides that a citizen suit under the Federal Water Pollution Control Act may not be commenced when the "State has commenced and is diligently prosecuting a civil ... action in a court of the ... State to require compliance." 33 U.S.C.A. § 1365(b)(1)(B).

4

the present suit. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 890 F. Supp. 470, 498 (D.S.C. 1995). Following a bench trial, the district court found that Laidlaw had committed numerous permit violations and imposed a penalty of $405,800. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc. , 956 F. Supp. 588, 600-01, 610 (D.S.C. 1997). However, because the court found that Laidlaw's violations had not harmed the environment and that Laidlaw had been in substantial compliance for several years at the time of the issuance of its final order, the court denied Plaintiffs' request for declaratory and injunctive relief. See id. at 611. In a separate order, the court stayed the time for a petition for attorney's fees until the time for appeal had expired or, if either party appealed, until the appeal was resolved. This appeal followed.

II.

The Constitution provides that "[t]he judicial Power" of the federal courts of the United States extends only to specified "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; see In re Pruett, 133 F.3d 275, 278 (4th Cir. 1997). "The doctrine of standing has always been an essential component of [the] case or controversy requirement of federal jurisdiction." Marshall v. Meadows , 105 F.3d 904, 906 (4th Cir. 1997). In order to have standing, a plaintiff must have suffered an actual or threatened injury in fact; the injury must have been caused by the defendant's complained-of conduct; and the injury must be redressable by the relief sought. See Steel Co. v. Citizens for a Better Env't, 118 S. Ct. 1003, 1016-17 (1998). Moreover, these elements must continue to exist at every stage of review, not merely at the time of the filing of the complaint. See Arizonans for Official English v. Arizona, 117 S. Ct. 1055, 1068 (1997); Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 228 (4th Cir. 1997). Otherwise, the action becomes moot. See United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) (explaining that mootness has been described as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)" (internal quotation marks omitted)). The continued presence of these elements ensures that the plaintiff has "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues." Baker v. Carr , 369 U.S. 186, 204 (1962).

5

Here, we focus on the continued existence of the third element, redressability.**3** Because Plaintiffs have not appealed the denial of declaratory and injunctive relief, the only potential relief that may be available to redress their claimed injuries is the civil penalty imposed upon Laidlaw, which would be paid to the United States Treasury. See Atlantic States Legal Found., Inc. v. Tyson Foods, Inc., 897 F.2d 1128, 1131 n.5 (11th Cir. 1990). Such penalties, however, cannot redress any injury suffered by a citizen plaintiff. See Steel Co., 118 S. Ct. at 1018-19.

In Steel Co., the Supreme Court held that a plaintiff lacked standing to prosecute a private enforcement action under the citizen-suit provision of the Emergency Planning and Community Right-To-Know Act of 1986, see 42 U.S.C.A. § 11046(a)(1) (West 1995), because the relief requested could not redress the injury plaintiff had allegedly suffered. See Steel Co., 118 S. Ct. at 1017-20. In particular, the Court noted that any civil penalties imposed would be payable to the United States Treasury and not to the plaintiff and therefore that the penalties would not benefit the plaintiff. See id. at 1018-19. The Court reasoned that

> although a suitor may derive great comfort and joy from the fact that the United States Treasury is not cheated, that a wrongdoer gets his just deserts, or that the nation's laws are faithfully enforced, that psychic satisfaction is not an acceptable Article III remedy because it does not redress a cognizable Article III injury.

_____

**3** Laidlaw claims that Plaintiffs were never injured by its permit violations because the violations caused no harm to the environment. Laidlaw also asserts that even if Plaintiffs had been injured by the violations in the past, they no longer have any stake in prosecuting this action because Laidlaw has been in compliance with its permit for several years. For purposes of this appeal, we assume without deciding that Plaintiffs had standing to initiate this action and have proven a continuous injury in fact. See Arizonans for Official English, 117 S. Ct. at 1068 (deciding the case on the basis of mootness without first determining whether appellants had "standing to appeal because the former question, like the latter, goes to the Article III jurisdiction of this Court and the courts below, not to the merits of the case").

Id. at 1019.**4** Applying the reasoning of Steel Co., we conclude that this action is moot because the only remedy currently available to Plaintiffs--civil penalties payable to the government--would not redress any injury Plaintiffs have suffered. We therefore vacate the order of the district court and remand with instructions to dismiss this action.**5** See Arizonans for Official English, 117 S. Ct. at 1071.

VACATED AND REMANDED
_____

**4** Prior to Steel Co., which was decided after the district court rendered its decision in the case at bar, this court had held that because "penalties can be an important deterren[t] against future violations," they could redress a private plaintiff's injury from violations even though the penalties are not paid to the plaintiff. Sierra Club v. Simkins Indus., Inc., 847 F.2d 1109, 1113 (4th Cir. 1988). Because Steel Co. constitutes "a superseding contrary decision of the Supreme Court," we are required to follow it. Hoffman v. Hunt, 126 F.3d 575, 584 (4th Cir. 1997) (internal quotation marks omitted), cert. denied, 66 U.S.L.W. ___ (U.S. May 26, 1998) (No. 97-1322).

**5** Plaintiffs' failure to obtain relief on the merits of their claims precludes any recovery of attorneys' fees or other litigation costs because such an award is available only to a "prevailing or substantially prevailing party." 33 U.S.C.A. § 1365(d) (West Supp. 1998); cf. Farrar v. Hobby, 506 U.S. 103, 111 (1992) (explaining that "to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim"); S-1 & S-2 v. State Bd. of Educ., 21 F.3d 49, 51 (4th Cir. 1994) (en banc) (per curiam) (adopting the dissenting opinion reported at 6 F.3d 160, 168-72 (4th Cir. 1993), wherein Judge Wilkinson concluded that Farrar dictates that civil rights plaintiffs who obtained a judgment against a defendant that was subsequently vacated by this court on mootness grounds were not "prevailing part[ies]" entitled to an award of litigation costs). But see Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 67 n.6 (1987) (citing 1971 legislative history for the proposition that an award of litigation costs could be allowed under § 1365(d) when a case becomes moot because the defendant violator voluntarily came into compliance with the law, but not discussing the 1987 amendment to § 1365(d) requiring a plaintiff to be a "prevailing or substantially prevailing party" to receive an award of litigation costs).

7