**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRIENDS OF THE EARTH,
INCORPORATED; CITIZENS LOCAL
ENVIRONMENTAL ACTION NETWORK,
INCORPORATED; SIERRA CLUB,
Plaintiffs-Appellants,

v.

LAIDLAW ENVIRONMENTAL SERVICES
(TOC), INCORPORATED,
Defendant-Appellee.

SOUTH CAROLINA CHAMBER  OF
COMMERCE; ENVIRONMENTAL
MANAGEMENT ASSOCIATION OF SOUTH
CAROLINA; SOUTH CAROLINA
MANUFACTURERS ALLIANCE;
CALIFORNIA PUBLIC INTEREST

RESEARCH GROUP; FLORIDA PUBLIC
INTEREST RESEARCH GROUP; ILLINOIS
PUBLIC INTEREST RESEARCH GROUP;
MASSACHUSETTS PUBLIC INTEREST
RESEARCH GROUP; PUBLIC INTEREST
RESEARCH GROUP IN MICHIGAN;
PUBLIC INTEREST RESEARCH GROUP OF
NEW JERSEY; OHIO PUBLIC INTEREST
RESEARCH GROUP; OREGON STATE
PUBLIC INTEREST RESEARCH GROUP;
WASHINGTON PUBLIC INTEREST
RESEARCH GROUP; UNITED STATES OF
AMERICA; SOUTH CAROLINA
DEPARTMENT OF HEALTH AND
ENVIRONMENTAL CONTROL,
Amici Curiae.

No. 97-1246

FRIENDS OF THE EARTH,
INCORPORATED; CITIZENS LOCAL
ENVIRONMENTAL ACTION NETWORK,
INCORPORATED; SIERRA CLUB,
Plaintiffs-Appellees,

v.

LAIDLAW ENVIRONMENTAL SERVICES
(TOC), INCORPORATED,
Defendant-Appellant.

SOUTH CAROLINA CHAMBER  OF
COMMERCE; ENVIRONMENTAL
MANAGEMENT ASSOCIATION OF SOUTH
CAROLINA; SOUTH CAROLINA
MANUFACTURERS ALLIANCE;
CALIFORNIA PUBLIC INTEREST

RESEARCH GROUP; FLORIDA PUBLIC
INTEREST RESEARCH GROUP; ILLINOIS
PUBLIC INTEREST RESEARCH GROUP;
MASSACHUSETTS PUBLIC INTEREST
RESEARCH GROUP; PUBLIC INTEREST
RESEARCH GROUP IN MICHIGAN;
PUBLIC INTEREST RESEARCH GROUP OF
NEW JERSEY; OHIO PUBLIC INTEREST
RESEARCH GROUP; OREGON STATE
PUBLIC INTEREST RESEARCH GROUP;
WASHINGTON PUBLIC INTEREST
RESEARCH GROUP; UNITED STATES OF
AMERICA; SOUTH CAROLINA
DEPARTMENT OF HEALTH AND
ENVIRONMENTAL CONTROL,
Amici Curiae.

No. 97-1261

On Remand from the United States Supreme Court.
(S. Ct. No. 98-822)

2

Submitted: January 12, 2000

Decided: July 16, 1998

Opinion on Remand Filed: March 10, 2000

Before WILKINS and HAMILTON, Circuit Judges,
and W. Craig BROADWATER, United States District Judge
for the Northern District of West Virginia, sitting by designation.

_____

Remanded by unpublished opinion. Judge Wilkins wrote the opinion,
in which Senior Judge Hamilton and Judge Broadwater joined.

_____

**COUNSEL**

Bruce J. Terris, Carolyn Smith Pravlik, TERRIS, PRAVLIK &
WAGNER, Washington, D.C.; James S. Chandler, Jr., SOUTH CAR-
OLINA ENVIRONMENTAL LAW PROJECT, Pawleys Island,
South Carolina, for Appellants. Donald Alan Cockrill, Kristofer K.
Strasser, Jack D. Todd, OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C., Greenville, South Carolina, for Appellee. Deborah
Ann Hottel, MCNAIR LAW FIRM, P.A., Columbia, South Carolina;
Thomas S. Mullikin, MULLIKIN LAW FIRM, Camden, South Caro-
lina, for Amici Curiae Chamber of Commerce, et al. Charles C. Cal-
dart, David A. Nicholas, NATIONAL ENVIRONMENTAL LAW
CENTER, Boston, Massachusetts, for Amici Curiae California Public
Interest, et al. Lois J. Schiffer, Assistant Attorney General, James F.
Simon, Deputy Assistant Attorney General, Martin W. Matzen,
Thomas A. Mariani, Jr., Julie B. Kaplan, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C.; Susan Lepow,
Associate General Counsel, Richard Witt, Office of General Counsel,
David Drelich, Senior Attorney, Office of Enforcement and Compli-
ance Assurance, UNITED STATES ENVIRONMENTAL PROTEC-
TION AGENCY, Washington, D.C., for Amicus Curiae United
States. Carlisle Roberts, Jr., Samuel L. Finklea, III, William A.
Ready, III, SOUTH CAROLINA DEPARTMENT OF HEALTH

AND ENVIRONMENTAL CONTROL, Columbia, South Carolina, for Amicus Curiae Department of Health.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

WILKINS, Circuit Judge:

Appellants Friends of the Earth, Inc., Citizens Local Environmental Action Network, Inc., and Sierra Club appealed an order of the district court penalizing Laidlaw Environmental Services (TOC), Inc. (Laidlaw) for violations of a National Pollutant Discharge Elimination System permit, arguing that the district court abused its discretion by imposing what Appellants assert was an inadequate penalty. Laidlaw cross-appealed, claiming, inter alia, that Appellants lacked standing to institute this action because they suffered no injury in fact and that this suit should have been barred because the South Carolina Department of Health and Environmental Control diligently prosecuted a prior action regarding the same violations, see 33 U.S.C.A. § 1365(b)(1)(B) (West 1986).

In a previous order, this court concluded that this action was moot. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 149 F.3d 303, 306-07 (4th Cir. 1998), rev'd, 120 S. Ct. 693 (2000). We reasoned that the district court had denied Appellants' request for equitable relief and Appellants had not appealed that ruling, leaving civil penalties payable to the government as the only remedy available to redress Appellants' alleged injuries. See id. at 306. Relying on Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998), we held that this remedy would not redress any injury Appellants had suffered and therefore that the action no longer presented an Article III case or controversy. See Friends of the Earth, 149 F.3d at 306-07. Concluding that the action had become moot, we vacated the order of the district court and remanded with instructions to dismiss this action.

4

See id.; Arizonans for Official English v. Arizona, 520 U.S. 43, 71-72 (1997) (explaining that "[v]acatur is in order when mootness occurs through happenstance--circumstances not attributable to the parties-- or . . . the unilateral action of the party who prevailed in the lower court" (internal quotation marks omitted)).

The Supreme Court granted certiorari and reversed, holding that Appellants had standing to institute this suit and the fact that only civil penalties remained to redress the Appellants' alleged injury did not moot the action. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 120 S. Ct. 693, 703-11 (2000). The Court noted, however, that two other events might moot the case: Laidlaw's sub- stantial compliance with its permit requirements and its closure of the offending facility. See id. at 711. The Court also stated that even if these events moot the action, it would be "far from clear that vacatur of the District Court's judgment would be the appropriate response." Id. at 711 n.6.

In light of the decision of the Supreme Court, we remand to the dis- trict court for appropriate factual findings and a determination of whether this action is moot and, if so, whether the previous district court judgment should be vacated.

REMANDED

5