Affirmed by Supreme Court order
filed 5/29/01

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BUCKHANNON BOARD AND CARE
HOME, INCORPORATED; THE WEST
VIRGINIA RESIDENTIAL BOARD AND
CARE HOME ASSOCIATION; DORSEY
PIERCE, by her next friend, Lockie J.
Marple, and on behalf of all others
similarly situated,
<u>Plaintiffs-Appellants,</u>

and

ALMOST HOME, INCORPORATED; DAISY
LAYMAN, by her next friend, Faye
Byers,
<u>Plaintiffs,</u>

v.

WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN RESOURCES;
GRETCHEN O. LEWIS, Secretary, West
Virginia Department of Health and
Human Resources; OFFICE OF
HEALTH FACILITY LICENSURE AND
CERTIFICATION; NANCY TYLER,
Director, Office of Health Facility
Licensure and Certification; SANDRA
L. DAUBMAN, Program Manager,
Office of Health Facility Licensure
and Certification; WEST VIRGINIA
OFFICE OF THE STATE FIRE MARSHAL;
WALTER SMITTLE, Fire Marshal;
GASTON CAPERTON, in his official
capacity as Governor of the

No. 99-1424

State of West Virginia; STATE OF WEST VIRGINIA; WEST VIRGINIA STATE FIRE COMMISSION; JOHN BEATY, II, Commissioner; JOSEPH J. BOSTAR, III, Commissioner; RANDY BREEDEN, Commissioner; JAMES W. FIFE, Commissioner; FRANCIS A. GUFFEY, II, Commissioner; DANIEL HESS, Commissioner; GREGORY ALAN LAY, Commissioner; DAVID L. TOLLIVER, Commissioner; STEPHEN C. MCBEE, Commissioner; BILL L. SPENCER, Commissioner; VICTOR STALLARD, JR., Commissioner; J. D. WAGGONER, Commissioner; KENNETH MORGAN, Commissioner; JOAN E. OHL, Secretary, Department of Health and Human Resources; JOHN WILKENSON, Director, Office of Health Facility Licensure and Certification; CECIL H. UNDERWOOD, Governor, State of West Virginia, Defendants-Appellees,

and

WEST VIRGINIA STATE BOARD OF EXAMINERS FOR REGISTERED PROFESSIONAL NURSES; LAURA S. RHODES, Executive Director, West Virginia State Board of Examiners for Registered Professional Nurses, Defendants.

2

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Frederick P. Stamp, Jr., Chief District Judge.
(CA-96-106-2)

Argued: December 2, 1999

Decided: January 20, 2000

Before NIEMEYER and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Webster J. Arceneaux, III, LEWIS, FRIEDBERG,
GLASSER, CASEY & ROLLINS, L.L.P., Charleston, West Virginia,
for Appellants. David Paul Cleek, OFFICE OF THE ATTORNEY
GENERAL, Charleston, West Virginia; Charlene Ann Vaughan, Dep-
uty Attorney General, WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN SERVICES, Charleston, West Virginia, for
Appellees. **ON BRIEF:** Sandra K. Henson, LEWIS, FRIEDBERG,
GLASSER, CASEY & ROLLINS, L.L.P., Charleston, West Virginia,
for Appellants. Darrell V. McGraw, Jr., Attorney General, Chad M.
Cardinal, Assistant Attorney General, Charleston, West Virginia, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

3

**OPINION**

PER CURIAM:

The appellants in this case ask us to reexamine our holding in <u>S-1 and S-2 v. State Board of Education of North Carolina</u>, 21 F.3d 49 (4th Cir. 1994) (<u>en banc</u>), which rejected the catalyst theory when determining whether to award attorneys fees under federal statutes making fees awardable to prevailing parties. As a three-judge panel of the court, however, we are bound by our precedent. <u>See Joseph v. Angelone</u>, 184 F.3d 320, 324-25 (4th Cir. 1999). Accordingly, we affirm the judgment of the district court that relied on <u>S-1 and S-2</u> in denying appellants' motion for attorneys fees.

Buckhannon Board and Care Home, Inc. ("Buckhannon"), which operates residential care homes for elderly people who require some assistance in the activities of daily living, failed an inspection by the West Virginia Office of the State Fire Marshal because it housed residents incapable of self-preservation, in violation of West Virginia law. <u>See</u> W. Va. Code § 16-5H-2 (1998) (requiring that all residents of residential board and care homes be capable of self-preservation). Buckhannon and other plaintiffs commenced this action for a declaratory judgment that the state law violated the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3601 <u>et seq</u>., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 <u>et seq</u>.

While the action was pending, West Virginia amended state law to delete the self-preservation requirement. None of the defendants, however, informed the plaintiffs or the court of the pending amendments. Indeed, the district court noted that the defendants did not even inform their own attorney, who was representing them in this action. As a result of the amendments, this action became moot, and the district court dismissed it.

Although Buckhannon did not obtain the change in state law through an enforceable judgment, consent decree, or settlement, it claimed nevertheless that it was the prevailing party entitled to attorneys fees under the FHAA and the ADA. <u>See</u> 42 U.S.C. § 3613(c)(2); 42 U.S.C. § 12205. Buckhannon argued that under a catalyst theory, it obtained the relief it sought through the defendants' voluntary con-

4

duct because it filed this action and brought to the state's attention the flaws in its law. The district court observed that if the catalyst theory were available in this circuit, the plaintiffs "might prevail." However, because this circuit had rejected the catalyst theory in S-1 and S-2, the district court denied the plaintiffs' motion for attorneys fees.

On this appeal, the appellants challenge "only the district court's ruling on the disallowance of attorneys fees and costs under the `catalyst theory.'" They urge us to reexamine our decision in S-1 and S-2, which, they acknowledge, would, if applied, require rejection of their appeal.

The Fourth Circuit has determined that panels of the court are bound by the prior decisions of the court, en banc or in panel, and that binding precedent can be reversed only by the court en banc. See Joseph, 184 F.3d at 325 ("As a panel, we are not authorized to reconsider an en banc holding even if we happen to be so inclined, which we are not"); Busby v. Crown Supply, Inc., 896 F.2d 833, 840-41 (4th Cir. 1990) ("[A] panel considers itself bound by the prior decision of another panel, absent an in banc overruling or a superseding contrary decision of the Supreme Court").

In S-1 and S-2, we held that in order to qualify as a "prevailing party" in litigation, the plaintiff must, through the litigation, "`obtain an enforceable judgment . . . or comparable relief through a consent decree or settlement.'" S-1 and S-2 v. State Board of Education of North Carolina, 6 F.3d 160, 168 (4th Cir. 1993) (Wilkinson, J., dissenting) (quoting Farrar v. Hobby, 506 U.S. 103, 111 (1992)), vacated, 21 F.3d 49 (1994) (en banc) (adopting Judge Wilkinson's dissent as the majority opinion). Because the plaintiffs did not bring about the change in West Virginia law through any judgment, decree, or settlement, we conclude that the district court properly applied S-1 and S-2 to this case. Accordingly, the judgment of the district court is

AFFIRMED.