**Norman CORREA, et al.**

v.

**Paul VANCE, et al.**

**Civil Action No. DKC 94–1738.**

United States District Court,
D. Maryland.

Memorandum Denying Motion to
Alter or Amend 2/28/96.

Matthew B. Bogin, Michael J. Eig, Bogin and Eig, Washington, DC for Daniel Mintz.

David C. Hjortsberg, Reese and Carney, Judith S. Bresler, Reese & Carney, Colum-

bia, MD, Zvi Greismann, Montgomery County Public Schools, Rockville, MD, for defendants.

### `MEMORANDUM OPINION`

CHASANOW, District Judge.

This is an action brought by Gabriel Mintz, Emily Mintz, and Daniel Mintz to recover attorneys' fees pursuant to the Individuals with Disabilities Education Act ("IDEA").[1] 20 U.S.C. § 1400 *et seq.* Currently pending and ready for resolution are Defendants' motion for summary judgment, (paper No. 8), and the cross-motion for summary judgment filed by the Plaintiffs. (Paper No. 9). All issues have been fully briefed by the parties. (Paper Nos. 10, 11 and 12). No hearing is deemed necessary and the court now rules pursuant to Local Rule 105.6. For the reasons discussed herein, Defendants' motion for summary judgment will be granted, and Plaintiffs' motion for summary judgment will be denied.

### BACKGROUND

Gabriel Mintz is a youth with a long history of psychiatric hospitalizations due to depression, self-destructive behavior, and suicide attempts. From January, 1992, until September, 1993, Gabriel attended the Chestnut Lodge School, a private special education placement in Rockville, Maryland funded by Montgomery County Public Schools ("MCPS"). The Lodge School provided Gabriel with an intensive full-day therapeutic program. Despite this placement, Gabriel continued to exhibit serious emotional problems and increasing depression during this time period.

In September, 1993, Gabriel was hospitalized at the request of Lodge School personnel due to suicidal ideation. On November 22, 1993, Plaintiffs signed a request for a due process hearing under the provisions of the IDEA requesting a more intensive level of service in Gabriel's individualized education program ("IEP"). Defendants scheduled a hearing on January 3, 1994. That date was not convenient for Gabriel's parents and on December 8, 1993, Plaintiffs requested an alternate hearing date.

While Plaintiffs were awaiting the setting of a due process hearing date, the Central Admission Review and Dismissal Committee ("CARD Committee") met on January 3, 1994 to review Gabriel's need for services. The CARD Committee recommended Intensity VI services and recommended that two programs, the Regional Institute for Children and Adolescents ("RICA"), and the Rose Hill Treatment Center of Chestnut Lodge be explored. The matter was also referred at that time to the Local and State Coordinating Counsels ("LCC/SCC").

On January 4, 1994, the Mintz' placed Gabriel at the Grove School, a private, therapeutic, residential facility in Madison, Connecticut. On February 3, 1994, the LCC recommended an exploration of placement at RICA or the Rose Hill Treatment Center. On March 7, 1994, MCPS submitted an application for Gabriel's placement to the SCC. The packet was received on March 16, 1994. A local educational assessment was completed and the SCC received the assessment on March 29, 1994. A Program Review Committee ("PRC") meeting was scheduled for and held on April 12, 1994. That same day, the Maryland State Department of Education and the SCC agreed to fund Gabriel's placement at the Grove School for the 1993–94 school year. A letter, dated April 12, 1994, was sent to Gabriel's parents advising that "The Maryland State Department of Education, in consultation with the State Coordinating Council, has approved the placement of your child, Gabriel Mintz, at the Grove School for the 1993–1994 school year. Your child's case manager is Rosalind Patrick of the Montgomery County Board of Education." (Paper No. 9 Exhibit 16).

In the meantime, Plaintiffs' counsel had requested that Defendants set a due process hearing date in letters sent on January 4, 1994, February 19, 1994, and March 3, 1994. On March 8, 1994, the school system offered

---

1. Three of the original Plaintiffs, Norman Correa, Francisco Correa, and Lucy Correa were dismissed on October 14, 1994 pursuant to a Rule 111.1 Order signed by this court. No action has been taken to reopen the case as to these Plaintiffs, therefore, the case is dismissed with prejudice as to those named parties.

April 6, 1994 for a hearing. Plaintiffs' counsel confirmed the date on March 9, 1994. On March 30, 1994, the school system cancelled the hearing alleging that it had never been confirmed and was no longer available. Plaintiffs filed an action in this Court on April 5, 1994, seeking to compel the setting of a hearing date. *Mintz v. Vance*, DKC 94–885. This action was dismissed prior to the service of process on any defendant. On April 8, 1994, the school system set April 27, 1994 for a hearing. That hearing was never held. Plaintiffs now claim entitlement to attorneys' fees because they achieved "total success through an enforceable settlement of their Due Process Appeal that prospectively funded the residential placement of the minor plaintiff and reimbursed them for costs already incurred." (Paper No. 9 p. 1).

### STANDARD OF REVIEW

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir.1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir.1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir.1950). The moving party bears the burden of showing that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c); *Pulliam Inv. Co.*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979)).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir.1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element ... necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514.

In *Celotex Corp.*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553. However, " 'a mere scintilla of evidence is not enough to create a fact issue.' " *Barwick v. Celotex Corp.*, 736 F.2d 946, 958–59 (4th Cir.1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C.1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11 (citations omitted).

### ANALYSIS

As stated earlier, this is an action to recover attorneys' fees pursuant to the IDEA. The IDEA provides, in relevant part

that "[i]n any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party." 20 U.S.C. § 1415(e)(4)(B). The sole issue in contention is whether the plaintiffs are prevailing parties under the IDEA.[2]

In *S–1 & S–2 v. State Board of Education of North Carolina*, 21 F.3d 49 (4th Cir.1994) (en banc), a case originally brought under 42 U.S.C. § 1983 alleging the deprivation of procedural rights secured by the IDEA, the Fourth Circuit held that:

1. A person may not be a "prevailing party" plaintiff under 42 U.S.C. § 1988 except by virtue of having obtained an enforceable judgment, consent decree, or settlement giving some of the legal relief sought in a § 1983 action. *Farrar v. Hobby*, [506] U.S. [103], 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

2. The fact that a lawsuit may operate as a catalyst for post-litigation changes in a defendant's conduct cannot suffice to establish plaintiff as a prevailing party. "Catalyst theory," allowing that result, is no longer available for that purpose, *see Farrar*, 506 U.S. at 112–13, 113 S.Ct. at 573–74, and cases such as *Bonnes v. Long*, 599 F.2d 1316 (4th Cir.1979), which applied that theory, are overruled.

3. Here, the dismissal on appeal of an action under 42 U.S.C. § 1983 for prudential reasons as moot operates to vacate the judgment below, *see United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), and prevents the plaintiffs from being found prevailing parties by virtue of post-dismissal events. The plaintiffs therefore are not entitled to an award of attorney fees under 42 U.S.C. § 1988.

The court adopts as its own the dissenting panel opinion of Judge Wilkinson. *S–1*, 6 F.3d at 168–72.

*S–1 & S–2*, 21 F.3d at 51.

Plaintiffs argue that *S–1 & S–2*, discarding the catalyst theory, is irrelevant because it was decided under 42 U.S.C. § 1988 and not under the IDEA. Alternatively, Plaintiffs argue that if this court does apply *S–1 & S–2* to cases under the IDEA, then they do in fact have an enforceable settlement agreement that entitles them to attorneys' fees under this law.

In *S–1 & S–2*, the district court originally assessed "attorneys' fees against the state defendants under 20 U.S.C. § 1415(e) and 42 U.S.C. § 1988." 21 F.3d at 51. A Fourth Circuit panel then affirmed the district court's award of attorneys' fees. *S–1 & S–2*, 6 F.3d 160 (4th Cir.1993). After a rehearing en banc, the Fourth Circuit reversed the decision of the district court and adopted Judge Wilkinson's dissenting panel opinion as its own. 21 F.3d at 51. If the Fourth Circuit had intended its decision to apply only to § 1988, it would have reversed the district court on one ground and affirmed on another. Instead, the Fourth Circuit made no mention of affirming the award of attorneys' fees under the IDEA, and simply reversed the district court altogether. The logical conclusion is that the court's rationale applies to both acts.

■ "The term 'prevailing party' connotes the same general meaning under § 1415(e)(4)(B) and 42 U.S.C. § 1988, and cases interpreting both sections apply the same principles to determine a plaintiff's entitlement to attorneys' fees." *Combs v. School Board of Rockingham County*, 15 F.3d 357 (4th Cir.1994) (citations omitted). At least two other judges in the District of Maryland have applied the reasoning of *S–1*

---

2. As discussed below, I find that Plaintiffs are not prevailing parties because there is no enforceable settlement agreement. Therefore, it is unnecessary to decide whether Plaintiffs have also satisfied the requirement of a "proceeding" brought under the IDEA. Nevertheless, I note that while preparation for a due process hearing, a proceeding under the IDEA, may in fact be compensable, I have grave doubts as to how counsel's work in this case could be in preparation for a

due process hearing. The hearing was never held and the result achieved came to fruition through an entirely separate process. *See* Plaintiffs' Motion for Summary Judgement, (Paper No. 9) ("While plaintiffs were engaged in attaining a Due Process Hearing, they also participated in the process by which the Maryland State Department of Education's State Coordinating Council agreed to fund Gabriel's placement at Grove for the 1993–94 school year.")

& S-2, discarding the catalyst theory under § 1988, to actions for attorneys' fees under the IDEA. *See Douglass W. Krehnbrink v. Maryland State Department of Education, et. al.,* WN 93-1423, Memorandum and Order, November 23, 1994 (denying attorneys' fees under the IDEA because there was no settlement agreement under the reasoning of *S-1 & S-2* ); *Heather Gamble, et al. v. Maryland State Department of Education, et al.,* PJM 93-1347, Oral Ruling, July 8, 1994 (same).

This court is persuaded that *S-1 & S-2* applies to actions brought under the IDEA. Accordingly, "to qualify as a prevailing party ... [t]he plaintiff must obtain an enforceable judgment ... or comparable relief through a consent decree or settlement." 6 F.3d at 168 (quoting *Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992)). Plaintiffs argue that the April 12, 1994 letter from the Maryland State Department of Education specifically agreeing to fund Gabriel's placement at Grove for the 1993-94 school year constitutes an enforceable settlement. (Paper No. 9, p. 13, n. 7).[3] While this action on the part of the Maryland State Department of Education may in fact be enforceable upon MCPS, it does not, in and of itself, indicate an enforceable settlement agreement.

■ It is not enough that Plaintiffs attained their original goal. An enforceable settlement agreement embodies the concept of quid pro quo, an exchange of promises. "In other words, success must be something buttressed by a court's authority or required by a rule of law." *S-1 & S-2,* 6 F.3d at 170. "[A] voluntary change in conduct must be formalized in a legally enforceable settlement agreement to transform a plaintiff into a prevailing party ..." *S-1 & S-2,* 6 F.3d at 171.

There is absolutely no evidence that the decision by the SCC to fund and place Gabriel at Grove came as a result of any exchange of promises. Instead, it appears that the SCC, following the CARD Committee decision, and the PRC meeting, voluntarily acted to make the change in Gabriel's placement. Moreover, there is no evidence that the April 12th letter was anything more than confirmation of the action that had already been taken by the SCC rather than an offer or formalization of a settlement agreement. To demand anything less than an enforceable settlement agreement or to read anything more into the significance of the April 12th letter would eviscerate the Fourth Circuit's opinion in *S-1 & S-2* discarding the catalyst theory.

### CONCLUSION

The court finds that there are no material facts in dispute, and that Defendants are entitled to judgment as a matter of law. Therefore, Plaintiffs' motion for summary judgment will be denied and Defendants' motion for summary judgment will be granted. A separate order will be entered.

### MEMORANDUM AND ORDER

In an order dated February 9, 1996, this court entered judgment in favor of Defendants Paul Vance and Montgomery County Board of Education, finding that Plaintiffs were not "prevailing parties" entitled to attorneys' fees under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* Plaintiffs have moved, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, that the court alter and amend its February 9, 1996 Order.

While the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available

---

**3.** Defendants, in a preemptive strike, suggest that Plaintiffs rely on correspondence that was sent April 19, 1994 through April 22, 1994. (Paper No. 8 p. 7). These letters, as outlined in Defendants' Motion for Summary Judgement, are letters confirming the dismissal of an appeal that counsel had filed to the State Hearing Review Board. Plaintiff stated that the issue for the appeal was from what date payment should run from. Plaintiffs themselves never proffered this argument. Nevertheless, it is clear that these communications were only a confirmation of action already taken pursuant to the April 12th letter and are not an independent enforceable settlement agreement.

at trial; or (3) to correct a clear error of law or prevent manifest injustice.

*Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993) (citations omitted); *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2810.1 (1995). The crux of Plaintiffs' motion is that an alteration of the judgment is necessary to correct an error of law. Unfortunately, the Plaintiffs have not raised any new issues. Plaintiffs merely argue that this court did not address previously raised issues and improperly applied the law.

Contrary to Plaintiffs' belief, this court considered all issues raised previously by the parties, even if all may not have been exhaustively discussed in the Memorandum Opinion. Accordingly, if Plaintiffs wish an appellate review of this court's decision, the Fourth Circuit is the appropriate forum, rather than a reappearance in this court in the form of a motion to alter and amend.

For the foregoing reasons, IT IS, this 28th day of February, 1996, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiffs Gabriel Mintz, Emily Mintz and Daniel Mintz' motion to alter and amend the court's order BE, and the same hereby IS, DENIED;

2. The clerk will mail copies of the foregoing Memorandum and Order to counsel for the parties.