[652 NYS2d 891]

In the Matter of LESLIE E., as Parent and Guardian of JARED F., an Infant, Respondent, v BETHLEHEM CENTRAL SCHOOL DISTRICT, Appellant.

Third Department, January 30, 1997

APPEARANCES OF COUNSEL

*Hogan & Sarzynski,* Binghamton *(Edward J. Sarzynski* of counsel), for appellant.

*Alan B. Ginsburg,* Albany, for respondent.

**OPINION OF THE COURT**

CREW III, J.

In this case we are called upon to interpret the scope of 20 USC § 1415 (e) (4) (B) (Individuals with Disabilities Education Act [hereinafter IDEA]), which provides that: "In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party." The IDEA "confers upon disabled students an enforceable substantive right to public education in participating States * * * and conditions federal financial assistance upon a State's compliance with the substantive and procedural goals of the Act" (*Honig v Doe,* 484 US 305, 310 [citation omitted]). Under the IDEA, participating States must determine what is uniquely "appropriate" for each student's education by preparing and following an individualized education program (hereinafter IEP) for each student with a disability (*see,* 20 USC § 1401 [a] [18] [D]; [20]). The IDEA also requires that parents be permitted to challenge "any matter relating to" such evaluation (20 USC § 1415 [b] [1] [E]). New York adopted Education Law § 4401 *et seq.* in order to comply with the requirements of the IDEA and requires, *inter alia,* that each school board establish a Committee on Special Education (hereinafter CSE) that must identify, review and evaluate, at least annually, the status of each student with a disability and recommend to the Board of Education appropriate educational programs (*see,* Education Law § 4402 [1] [b] [2]).

Petitioner is the mother of Jared F., a special education student enrolled at one of respondent's schools. Although Jared had been diagnosed with attention-deficit disorder (hereinafter ADD), his disability was classified by respondent as "visually impaired". During the 1993-1994 school year, Jared's behavioral problems began to seriously impact his ability to function in and out of school, and petitioner believed that it was imperative that respondent reclassify Jared with the multiple handicap condition of visually impaired and ADD and alter his IEP to accommodate his behavioral problems. Apparently frustrated in her inability to effect such a change, petitioner retained an attorney to assist her in that regard. Additionally,

petitioner obtained an independent evaluation of Jared. Petitioner's attorney wrote at least two letters to respondent's CSE delineating several conditions that he wanted added to Jared's IEP and attended at least one CSE meeting. Subsequent to that meeting, the CSE recommended a final IEP, which adopted a number of the demands included in the letter of petitioner's attorney. The IEP was satisfactory to petitioner and was accepted by respondent's Board of Education on July 6, 1994.

On March 21, 1996, petitioner sought counsel fees and reimbursement for the cost of the independent evaluation. Respondent opposed the application on the ground that, *inter alia*, petitioner was not a prevailing party in an action or proceeding brought under the IDEA. Supreme Court granted petitioner's application, and this appeal ensued.

Supreme Court, as justification for awarding counsel fees, found that respondent's ultimate approval of the IEP, which finally satisfied petitioner's concerns, was a direct consequence of her hiring counsel. We agree that the record bears this out, but we do not view such a finding as dispositive. The issue distills to whether a parent or guardian of a special education student is entitled to counsel fees in the absence of an action or proceeding brought pursuant to 20 USC § 1415 (e) (1) or (2). We think not.

The express language of 20 USC § 1415 (e) (4) (B) limits counsel fees to a parent or guardian who is a prevailing party in an action or proceeding brought under that subdivision. The record makes plain that petitioner never sought to have any of Jared's IEPs reviewed pursuant to Education Law § 4404 (1) and 8 NYCRR 200.5 (c), which is the State's counterpart to 20 USC § 1415 (e) (1). Having never commenced a proceeding, petitioner's right to counsel fees was never triggered, regardless of whether she may be deemed to have "prevailed" in her dispute with the CSE concerning what constituted an appropriate plan for Jared.

We likewise conclude that Supreme Court erred in awarding petitioner $630 for the independent evaluation. Although it is clear that petitioner was entitled to an independent evaluation at public expense (*see*, 8 NYCRR 200.5 [a] [1] [vi] *[a])*, the problem here is that the record simply does not support Supreme Court's award. The record does not contain a copy of the independent evaluation, there is no indication who performed said evaluation and, most importantly, there is no invoice in the record supporting the request of petitioner's at-

torney for reimbursement of $630 for the cost of the independent evaluation.

MIKOLL, J. P., MERCURE and YESAWICH JR., JJ., concur.

Ordered that the order is reversed, on the law, without costs, and petition dismissed.