Thurston MAYO, et al., Plaintiffs,

v.

Dr. Robert BOOKER, Defendant.

No. Civ.A. JFM–98–3028.

United States District Court,
D. Maryland.

April 21, 1999.

David John Wildberger, Iliff & Meredith, Baltimore, MD, for plaintiff.

Marcia L. Conlin, Department of Education, Office of Legal Counsel, Baltimore, MD, for defendant.

## MEMORANDUM

MOTZ, District Judge.

Plaintiffs, Thurston Mayo and his parents, Rosetta and David Mayo ("the Mayos"), have brought this action against defendant Dr. Robert Booker in his capacity as Chief Executive Officer of Baltimore City Public Schools ("BCPS"). The Mayos claim that they are entitled to attorneys' fees and costs of more than $31,000 arising out of disputes with BCPS concerning Thurston's education during the 1994–1997 school years. The parties have filed cross-motions for summary judgment. The Mayos' motion will be denied. Booker's cross-motion will be granted.

## I.

Thurston Mayo suffers from a language disability, and he has been diagnosed with autism and pervasive developmental disorder ("PDD"). Thurston has attended Norbel School, a private school, since the 1994–1995 school year. On September 11, 1995, an Administrative Law Judge ("ALJ") granted the Mayos' request for tuition reimbursement for the 1994–1995 school year. For the two following school years, 1995–1996 and 1996–1997, the parties resolved the Mayos' due process requests prior to a hearing.

## II.

The threshold question presented is whether the Mayos' claim is time-barred. Congress did not set forth a specific limitations period for attorneys' fee actions under 20 U.S.C. § 1415(e)(4). As a result, courts are split as to whether the proper limitations period is derived from the period governing judicial review of administrative decisions, *see, e.g., Dell v. Board of Educ. Township High Sch. Dist. 113*, 32 F.3d 1053 (7th Cir.1994), or from a state's general catch-all statute of limitations, *see, e.g., Zipperer v. The Sch. Bd. of Seminole County*, 111 F.3d 847 (11th Cir.1997). In Maryland, parties have 180 days to appeal from an ALJ's decision in an IDEA case. *See* Md.Code Ann., Educ. § 8–413(h). Maryland's general statute of limitations is three years. *See* Md.Code Ann., Cts. & Jud.Proc. § 5–101.

In my view, the 180 day statute of limitations is the one that should be applied. Although an action for attorneys' fees constitutes an independent cause of action, by its very nature it is ancillary to the underlying dispute on the merits. Further, adjudicating the attorneys' fee issues often necessitates close scrutiny of the merits of the underlying claims for the purposes of determining the extent to which the plaintiff was a prevailing party and the reasonableness of the time expended in achieving victory. The passage of time renders these inquiries more difficult, and the deadline established for adjudicating the underlying dispute itself reflects, at least indirectly, a legislative judgment of the period within which it is reasonable to require that they be initiated. If a State's deadline were so short that it frustrated the goals of the IDEA, it would have to yield to the remedial purposes of the Act. However, no conflict between state and federal policy is presented here. Federal Rule of Civil Procedure 54(d)(2)(B) and Local Rule 109.a.2 recognize the legitimate public interest in bringing to an expeditious conclusion the entirety of a controversy in which attorney fees may be recovered. It follow *a fortiori* from the deadline set by those rules for filing motions for attorneys' fees—14 days after the entry of judgment—that a limitations period providing 180 days for the assertion of an attorneys' fee claim is reasonable.

All of plaintiffs' claims are barred under application of the 180 day limitations statute. The events upon which they base their fees claim occurred on September 11, 1995 (the issuance of an administrative decision in their favor for the 1994–1995 school year), on December 21, 1995 (the issuance of a letter agreeing to reimburse them for the tuition costs at Norbel for the 1995–1996 school year), and January 13, 1997 (the issuance of a similar letter for the 1996–1997 school year). All of these events occurred more than 180 days prior to the institution of this suit on September 3, 1998.

## III.

Because this limitations issue is one of first impression and because I do not want resolution of the attorneys' fees issue to be further delayed in the event that the Fourth Circuit reverses my ruling concerning it, I' will discuss the merits of plaintiffs' claims.

### A.

As an initial matter, I find that costs, fees and expenses associated with

the 1995–1996 and 1996–1997 school years should not be awarded.[1] The IDEA permits a court to award reasonable attorneys' fees to parents or guardians who are the "prevailing parties" in IDEA proceedings. *See* 20 U.S.C. § 1415(e)(4). In accordance with the Fourth Circuit's definition of "prevailing party" under 42 U.S.C. § 1988, this Court has determined that to qualify as a prevailing party under the IDEA, a "plaintiff must obtain an enforceable judgment . . . or comparable relief through a consent decree or settlement." *Correa v. Vance*, 950 F.Supp. 118, 122 (D.Md.) (quoting *S–1 & S–2 v. State Board of Educ.*, 21 F.3d 49 (4th Cir.1994) (en banc)), *aff'd* 104 F.3d 359 (4th Cir.1996); *see also Krehnbrink v. Maryland State Dept. of Educ.*, WN 93–1423, Memorandum and Order (November 23, 1994) (denying attorneys' fees under the IDEA because there was no settlement agreement); *Gamble v. Maryland State Dept. of Educ.*, PJM 93–1347, Oral Ruling (July 8, 1994) (same).

Although BCPS agreed to pay Thurston's Norbel School tuition from 1995–1997, the Mayos did not obtain an enforceable judgment or comparable relief. Final resolution of the disputes apparently occurred, not through formal settlement or consent decree, but through an informal agreement involving two unilateral actions: BCPS's decision to recommend and finance nonpublic placement for Thurston, and the Mayos' decision to withdraw their request for a due process hearing.

"A voluntary change in conduct must be formalized in a legally enforceable settlement agreement to transform a plaintiff into a prevailing party." *Correa*, 950 F.Supp. at 122 (quoting *S–1*, 6 F.3d at 171). The Mayos have not set forth any such legally enforceable settlement agreements, and therefore cannot recover costs, fees and expenses as prevailing parties for 1995–1996 and 1996–1997.

**B.**

It seems evident that, with respect to at least some of the issues regarding the 1994–1995 school year, the Mayos were "prevailing parties" at the administrative hearing. The remaining question, then, would be the amount of costs, fees and expenses to which they would be entitled (were their claim not time-barred). It is clear that the Mayos are not entitled to some of the amounts they have requested.

■ First, an award of costs, fees and expenses is designed to compensate a party for costs associated with litigation. The transportation costs that the Mayos have requested are not associated with the litigation, but with the merits of the IDEA claim as a service related to Thurston's education. Those costs should have been awarded, if at all, as a part of the administrative decision and are not properly considered in an action for attorneys' fees and litigation costs.

■ Second, the Mayos have submitted various bills that appear to be from treating physicians, who may have served as expert witnesses at some stage in the various proceedings. Many of these bills seem to be for treatment and therapy rendered to Thurston, and those costs are clearly not properly awarded in an action for attorneys' fees and litigation costs. In any event, in my view expert witness fees are not recoverable under the IDEA, which provides only for shifting of "reasonable attorneys' fees as part of the costs." *See West Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 98–99, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991) (interpreting nearly identical language in the former version of 42 U.S.C. § 1988 not to include expert fees), *Eirschele v. Craven County Bd. of Educ.*, 7 F.Supp.2d 655, 659 (D.N.C.1998) (determining that § 1415 "does not provide for an award of expert witness fees").

■ Third, the Mayos have not established an appropriate, reasonable number of hours expended by their attorneys.

---

1. Plaintiffs are not seeking any fees for the

1996–1997 school year but only certain costs.

**600**

Clearly, the Mayos are not entitled to reimbursement for (1) any charges for fees and costs related to the 1995–1996 and 1996–1997 school years; (2) any charges for fees and costs related to the arguments on which the Mayos did not prevail at the hearing for the 1994–1995 school year (such as their request for compensatory speech services and their request for private school placement for 1995–1996); and (3) any charges for fees and costs related to noncompensable services such as attendance at ARD meetings. *See Rappaport v. Vance*, 21 IDELR 709, 710–11 (D.Md.1993) (limiting reimbursement to successful claims where a plaintiff has prevailed on some claims but not all, and stating that attendance at ARD/IEP meetings is not compensable).

For these reasons, the Mayos' motion for summary judgment is denied. Booker's cross-motion for summary judgment is granted. A separate order to that effect is being entered herewith.

### ORDER

For the reasons stated in the memorandum.

ORDERED that

1. the Mayos' motion for summary judgment is denied;

2. defendant Booker's cross-motion for summary judgment is granted; and

3. judgment is entered in favor of defendant against plaintiffs.