Nash GRAY, Jr., et al.

v.

Iris T. METTS, Ed.D., et al.

No. Civ.A. DKC 2001–2653.

United States District Court, D. Maryland.

May 20, 2002.

427

Brian Keith Gruber, Chevy Chase, MD, for plaintiff.

Andrew W. Nussbaum, Knight Manzi Nussbaum and LaPlaca, PA, Upper Marlboro, MD, for defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this action for attorneys' fees and costs arising from an Individuals with Disabilities Education Act ("IDEA") administrative due process hearing are 1) the motion of Defendants to dismiss Plaintiffs' claim pursuant to FedR.Civ.P. 12(b)(6) as barred by the statute of limitations and 2) the motion of Plaintiffs for summary judgment. The issues have been fully briefed and no hearing is deemed necessary. Lo-

cal Rule 105.6. For reasons that follow, both motions will be denied.

## I. Background

The relevant facts as set forth in the Complaint are not in dispute. Plaintiffs Nash Gray, Sr. and Takita Irving–Gray bring this action in their own right and on behalf of their son, Nash Gray Jr., who is a child with disabilities, eligible for special education as required by the IDEA, 20 U.S.C. § 1400 *et seq.* and qualified as a handicapped individual under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. After an administrative due process hearing, Administrative Law Judge ("ALJ") Ann C. Kehinde issued a written decision on February 6, 2001, finding in favor of Plaintiffs that Defendants, the Board of Education of Prince George's County and Iris Metts, Ed. D., in her official capacity as Superintendent of Prince George's County Public Schools, denied Nash Gray Jr. a free appropriate public education under the IDEA.

Shortly thereafter, Plaintiffs' counsel contacted Defendants' counsel to discuss Defendants' implementation of the ALJ's decision. In that discussion, Defendants' counsel asked Plaintiffs to submit to him a statement of the requested attorneys' fees and costs arising from the due process hearing. Counsel for Defendants asserted that his clients would consider the request for fees during the time period in which they would also consider whether to appeal the ALJ's decision.

On or about February 23, 2001, counsel for Plaintiffs mailed a written request for attorneys' fees and costs, along with a detailed statement of the work performed and the costs generated, to counsel for Defendants. In previous matters between counsel for Defendants and counsel for Plaintiffs, Defendants have paid attorneys'

fees and costs to counsel for Plaintiffs pursuant to IDEA actions.

Defendants did not appeal the ALJ's decision within the 180 day period in which they had to do so and never contacted Plaintiffs within that time period to deny the request for attorneys' fees and costs. On August 6, 2001, Plaintiffs' counsel wrote to Defendants' counsel to advise him that the time period in which Defendants could appeal had expired and requested that Defendants notify him of a decision regarding the request for fees and costs no later than August 27, 2001. On August 27, Defendants informed Plaintiffs that they would not voluntarily pay attorneys' fees and costs in this case.

Plaintiffs filed this lawsuit seeking attorneys' fees and costs on September 5, 2001. Courts may award reasonable attorneys' fees and costs to the prevailing party in a due process hearing under the IDEA. 20 U.S.C. § 1415(i)(3)(B); *see also Combs v. School Board of Rockingham County,* 15 F.3d 357, 360 (4th Cir.1994). Defendants move to dismiss on the ground that the claim is time-barred by a 180 day statute of limitations which, they contend, is applicable to claims for fees under the IDEA and began to run from the date of the ALJ's decision. In response, Plaintiffs contend that 1) the statute of limitations did not begin to run until the school system had exhausted its opportunity to appeal, 2) the statute of limitations should be equitably tolled even if it did begin to run at the ALJ decision, and 3) they had insufficient notice of the applicable limitations period. In addition, Plaintiffs move for summary judgment on the ground that Defendants, in moving to dismiss Plaintiffs' complaint as time-barred, do not dispute any facts as to Plaintiffs' eligibility for fees or as to the reasonableness of the fees requested.

## II. Motion to Dismiss

### A. Standard of Review

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Such a motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A Rule 12(b)(6) challenge requires a court to accept all well-pled allegations of the complaint as true and to construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir.1997). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir.1989), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979). Nevertheless, neither vagueness nor lack of detail is a sufficient ground on which to grant a motion to dismiss. *Hill v. Shell Oil Co.,* 78 F.Supp.2d 764, 775 (N.D.Ill.1999) (quoting Strauss v. City of Chicago, 760 F.2d 765, 767 (7th Cir.1985)).

### B. Statute of limitations as ground for dismissal

■ The statute of limitations is an affirmative defense that typically must be raised in a pleading under Fed.R.Civ.P. 8(c) and is not usually an appropriate ground for dismissal. However:

Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims

set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.

*Brooks v. City of Winston–Salem, North Carolina,* 85 F.3d 178, 181 (4th Cir.1996), *citing Richmond F. & P. R.R. v. Forst,* 4 F.3d 244, 250 (4th Cir.1993); *see also* 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1357, at 352 (1990). In this case, the facts necessary to determine whether the statute of limitations had run are apparent on the face of the complaint and are undisputed. Therefore, it is appropriate to make a determination here as to whether the claim is time-barred.

*C. Analysis*

█ Both parties agree that the court in *Mayo v. Booker,* 56 F.Supp.2d 597 (D.Md. 1999), adopted a 180–day limitations period for bringing a claim in Maryland for attorneys' fees in IDEA cases. Paper no. 3, at 1; Paper no. 4, at 3. However, the parties dispute when the time period begins to run. Defendants argue that, according to *Mayo,* this period began to run when Plaintiffs became the prevailing party in the February 6, 2001, ALJ decision. Plaintiffs, on the other hand, argue that *Mayo* did not address what triggers the running of the statute of limitations. Instead, Plaintiffs contend that the court should adopt the approach from *McCartney v. Herrin Community Unit School Dist.,* 21 F.3d 173 (7th Cir.1994), in which the court held that a decision in the plaintiffs' favor did not become final until the defendant school district exhausted all judicial remedies. Accordingly, Plaintiffs contend that the ALJ's decision was not final until Defendants' period for noting an appeal had expired and so the limitations period did not begin to run until August 6, 2001.

Neither the Supreme Court nor the United States Court of Appeals for the Fourth Circuit has directly addressed this question. *McCartney* is the only case in which a federal circuit court of appeals dealt explicitly with the question of when the limitations period begins to run in actions for attorneys' fees under the IDEA: "Until the [administrative] decision in the parent's favor becomes final upon exhaustion of all judicial remedies by the school district, the parent does not know whether she has any claim to attorney's fees. So the filing of a lawsuit to obtain those fees would be premature until then." *McCartney,* 21 F.3d at 175. Defendants cite *Mayo* and a Sixth Circuit case, *King v. Floyd County Board of Education,* 228 F.3d 622 (6th Cir.2000), both of which adopted state statutes of limitations pertaining to appeals from administrative orders for use in IDEA attorneys' fee cases. Neither court addressed the issue of what triggers the running of the limitations period. While Defendants do argue that *Mayo* (explicitly and implicitly) and *King* (implicitly) point to the issuance of an administrative decision as the beginning of the limitations period, the question of when the period began was never asked in those cases and the precise date was not important because the dates of the adopted limitations periods had long since passed by the time attorneys' fees were sought.

In lieu of precedent on this point, Defendants also attack the logic underlying *McCartney,* arguing that it was wrongly decided. Defendants attempt to draw a parallel between the question presented today and post-trial motions for attorneys fees and argue that *McCartney* is decided illogically because it would result in the invalidation of Local Rule 109. Local Rule 109, Defendants contend, presents an analogous situation to that sought to be avoided by the court in *McCartney* because it

requires that a motion for attorneys' fees must be filed within 14 days of judgment where an appeal may be noted within a longer period of time. Therefore, a prevailing party may be forced by Rule 109 to file a motion for attorneys' fees at a time when it is not yet certain whether the other party will appeal. Defendants are incorrect, however, in drawing a parallel between the situation before the court and the situation involving Rule 109. *McCartney* itself distinguished between the two situations. That court held that, even though some local rules, as in this district, require motions for attorneys' fees to be filed before the period for appealing has passed, "the argument for postponing the fee proceeding to the conclusion of any appeals applies with greater, and we think decisive, force where the party seeking fees is required to file a separate lawsuit rather than merely move for fees as part of an existing suit." *McCartney*, 21 F.3d at 175–176.

In the current case, as in *McCartney*, Plaintiffs are forced to file a new lawsuit before a court in order to obtain attorneys' fees, not merely, as in the Rule 109 context, a motion in an existing lawsuit before the same court that previously rendered a judgment in their favor. Where attorneys' fees are determined on a post-trial motion, a party's decision to pursue attorneys' fees is not rendered potentially futile by the mere filing of an appeal with a different court. In fact, "[o]ften it is more efficient if the motion for fees is filed and ruled on before the appeal from the underlying judgment, so that any appeal from the ruling on fees can be consolidated with the main appeal and both decided at the same time." *McCartney*, 21 F.3d at 175, *citing Mother Goose Nursery Schools, Inc. v. Sendak*, 770 F.2d 668, 675–76 (7th Cir. 1985). In the situation presented today, unlike in the Rule 109 context, both the petition for attorneys' fees and any appeal

of the administrative decision that is the basis for such attorneys' fees would go to the same court. If the non-prevailing party decides to appeal the administrative decision, the lawsuit for fees is rendered moot. As noted in *McCartney*, 21 F.3d at 176, any efficiencies to be gained by prompt filing of a suit for administrative fees are outweighed by the burden on the prevailing party and the courts of filing additional protective suits before the prevailing party even knows whether it has a chance of obtaining relief. Therefore, the court finds the reasoning of *McCartney* persuasive and adopts the rule that the statute of limitations for filing a suit for attorneys' fees as the prevailing party in an IDEA administrative hearing does not run until the time for appeal has passed. Accordingly, it is not necessary to address Plaintiffs' contentions regarding equitable estoppel and notice because the motion to dismiss will be denied.

## III. Motion for Summary Judgment

### A. Standard of Review

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R.CIV.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir.1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir.1979); *Stevens v. Howard*

D. Johnson Co., 181 F.2d 390, 394 (4th Cir.1950). The moving party bears the burden of showing that there is no genuine issue as to any material fact. FED.R.CIV.P. 56(c); Pulliam Inv. Co., 810 F.2d at 1286 (citing Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir.1979)).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Gill v. Rollins Protective Servs. Co., 773 F.2d 592, 595 (4th Cir.1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element ... necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 323, 106 S.Ct. 2548. "A plaintiff seeking summary judgment on an issue ... bears the burden of establishing a prima facie case that would entitle the movant to a directed verdict if the issue was uncontested at trial." Orozco v. County of Yolo, 814 F.Supp. 885, 890 (E.D.Ca.1993), citing 8 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE, § 2727 (1991). Summary judgment is not appropriate if a plaintiff does not produce sufficient evidence:

> A plaintiff who seeks summary judgment and who fails to produce sufficient evidence on one or more essential elements of the claim is "no more entitled to a judgment ... than is a plaintiff who has fully tried the case and who has neglected to offer evidence sufficient to support a finding on a material issue upon which [the plaintiff] bears the burden of proof."

Watts v. United States, 703 F.2d 346, 347 (9th Cir.1983), quoting United States v. Dibble, 429 F.2d 598, 601(9th Cir.1970).

### B. Analysis

Plaintiffs argue that, in making their motion to dismiss, Defendants have admitted to the relevant facts as set out in the complaint and summary judgment is justified in light of the court's ruling that Plaintiffs' claim is not time-barred. Plaintiffs are incorrect. Defendants merely admitted to the facts alleged by Plaintiff for the purposes of their motion to dismiss as they were required to do given the standard of review for motions brought pursuant to Rule 12(b)(6).[1] While Defendants failed to point to material disputes of fact in response to Plaintiffs' motion for summary judgment, Plaintiffs bear the burden of proof in making an affirmative motion for summary judgment. FedR.Civ.P. 56. Therefore, they must set forth evidence which is sufficient to prove that their request for attorneys fees and costs is reasonable and based upon the rates prevailing in the community in which the services were furnished. 20 U.S.C. § 1415(i)(3)(C). In addition to their own conclusory statements, Plaintiffs have provided only an invoice of legal services and costs. They have not attached an affidavit from the attorney attesting to the accuracy and veracity of the invoice nor any evidence as to the prevailing rates for such services in the community. Plaintiffs cannot merely point to Defendants' lack of dispute as to the underlying facts of the case when they have provided no evidence to support their allegations that the fees sought are fair and reasonable. Accordingly, the motion for summary judgment will be denied.

---

1. A Rule 12(b)(6) challenge requires a court to accept all well-pled allegations of the complaint as true and to construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. Ibarra, 120 F.3d at 473.

**432**

### IV. Conclusion

Plaintiffs' claim for attorneys fees and costs is not time-barred because the statute of limitations did not begin to run until Defendants exhausted their opportunity for bringing an appeal. Accordingly, Defendants' motion to dismiss will be denied. As Plaintiffs have provided no evidence to support their affirmative motion for summary judgment, it will also be denied. A separate order will be entered.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this _____ day of May, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion of Defendants to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) BE, and the same hereby IS, DENIED;

2. The motion of Plaintiffs for summary judgment BE, and the same hereby IS, DENIED; and

3. The Clerk transmit copies of the Memorandum Opinion and this Order to counsel for the parties.