In the Matter of PAWLING CENTRAL SCHOOL DISTRICT, Respondent, v FRANK MUNOZ, as State Review Officer of the State Education Department, et al., Respondents, and BRUCE N. et al., Appellants. [788 NYS2d 267]—

Lahtinen, J. Appeal from that part of a judgment of the Supreme Court (Keegan, J.), entered September 16, 2003 in Albany County, which, in a proceeding pursuant to CPLR article

78, denied certain respondents' request for an award of expert witness fees.

Respondents Bruce N. and Else N. (hereinafter collectively referred to as respondents) prevailed against petitioner in an administrative proceeding regarding the educational program and placement for their disabled child (*see generally* 20 USC § 1415; Education Law § 4404; 8 NYCRR 200.5). They then requested, under the Individuals with Disabilities Education Act (*see* 20 USC § 1415 [i] [3] [B] [hereinafter IDEA]), an award of $83,823.75 for counsel fees and reimbursement of $5,375 paid to an independent "[p]sychoeducational" evaluator. Supreme Court granted $52,500 in counsel fees, but denied expert witness fees "under the circumstances and given that the IDEA provides no explicit authorization for the reimbursement of an expert witness." Respondents appeal from that part of Supreme Court's judgment that denied the request for fees of the evaluator.

The IDEA provides in relevant part that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party" (20 USC § 1415 [i] [3] [B]). Two federal circuit courts have recently held that this statutory language does not authorize reimbursement of the cost of an expert retained by the parents (*see T.D. v LaGrange School Dist. No. 102*, 349 F3d 469, 480-482 [7th Cir 2003]; *Neosho R-V School Dist. v Clark*, 315 F3d 1022, 1031-1033 [8th Cir 2003]). We note, however, that district courts outside those circuits have split on the issue (*compare Mayo v Booker*, 56 F Supp 2d 597, 599 [D Md 1999], *Eirschele v Craven County Bd. of Educ.*, 7 F Supp 2d 655, 657-660 [ED NC 1998], *and Shanahan v Board of Educ. of Jamesville-DeWitt School Dist.*, 953 F Supp 440, 445 n 9 [ND NY 1997], *with Gross ex rel. Gross v Perrysburg Exempted Vil. School Dist.*, 306 F Supp 2d 726, 737-739 [ND Ohio 2004], *BD v DeBuono*, 177 F Supp 2d 201, 207-209 [SD NY 2001], *and Pazik v Gateway Regional School Dist.*, 130 F Supp 2d 217, 220-222 [D Mass 2001]). While the logical extension of analogous US Supreme Court precedent appears to support the holdings of the two federal circuit courts (*see e.g. West Virginia Univ. Hosps., Inc. v Casey*, 499 US 83, 87-92 [1991]; *see also Neosho R-V School Dist. v Clark, supra* at 1032-1033 [discussing *West Virginia* and other pertinent cases]), we need not address the conflict in the interpretation of the federal statute to resolve this appeal.

Here, the lengthy application for counsel fees and costs dwells almost exclusively on counsel fees, making only very brief refer-

ence to the evaluator in a paragraph that provides little illumination regarding the significance of her role. There is no indication whether respondents pursued an independent evaluation at public expense (*see* 8 NYCRR 200.5 [g]) nor is there any explanation as to why such an evaluation would have been insufficient under the circumstances.* Significantly, this record contains virtually no information about the evaluator who was utilized. Even if we were to find that expert fees are statutorily authorized, an award of such fees remains within the discretion of the court. Where, as here, there was little effort to explain the role of the retained expert or why one afforded at public expense would not have been adequate, reimbursement of this evaluator's fee would have been inappropriate.

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Procedures are available for a parent to obtain an independent evaluation at no cost to the parent (*see* 8 NYCRR 200.5 [g]) and, indeed, we have previously held that "it is clear that [a parent is] entitled to an independent evaluation at public expense" (*Matter of Leslie E. v Bethlehem Cent. School Dist.*, 227 AD2d 72, 74 [1997]). Providing public funding for a parent to obtain an independent evaluation addresses to some extent the concern, expressed in several of the federal cases, that an expert is often necessary to fairly present the child's position (*see e.g. Gross ex rel. Gross v Perrysburg Exempted Vil. School Dist., supra* at 739).